**UNITED R. R. OPERATING CRAFTS et al.**
**v.**
**NORTHERN PAC. RY. CO. et al.**

**BROTHERHOOD OF R. R. TRAINMEN**
**v.**
**UNITED R. R. OPERATING CRAFTS et al.**

No. 13539.

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1953.

Writ of Certiorari Denied March 15, 1954.

See 74 S.Ct. 531.

Clifford Hoof of Hile, Hoof & Shucklin, Seattle, Wash., for United R. R. Operating Crafts.

Dean H. Eastman & Roscoe Krier, Seattle, Wash., for Northern Pac. Ry. Co.

DeWitt Williams, Henry E. Kastner of Eggerman, Rosling & Williams, Seattle, Wash., for intervenor, Brotherhood of Railroad Trainmen.

Clifford D. O'Brien and Ruth Weyand, Chicago, Ill., for Brotherhood of Locomotive Engineers, amicus curiae.

Charles H. Paul of Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., for Brotherhood of Locomotive Firemen and Enginemen, amicus curiae.

Before DENMAN, Chief Judge, and McCORMICK and GOODMAN, District Judges.

GOODMAN, District. Judge.

Since June 1, 1924, the Brotherhood of Railroad Trainmen has been the exclusive representative of the employees of the Northern Pacific Railway Company for the purpose of collective bargaining. A collective bargaining agreement has been in force between the Brotherhood and the Railway since that time.

After Congress amended Section 2 of the Railway Labor Act, 45 U.S.C.A. § 152, to permit carriers and labor organizations to enter into so-called Union Shop Agreements, 45 U.S.C.A. § 152, eleventh, the Brotherhood and the Railway amended their collective bargaining agreement to provide for a union shop as permitted by the amendment to the statute. This amendment required all employees within the crafts and classes represented by the Brotherhood, as a condition to employment, and within a specified time, to join and maintain membership in the Brotherhood of Railroad Trainmen. The only employees exempted were those, who, as provided in Section 2-eleventh of the Railway Labor Act, 45 U.S.C.A. § 152-eleventh (c), maintained membership in a labor organization "national in scope" which admitted to membership members of the classes to which the agreement was applicable.

The three plaintiffs below, Lee, Anderson and Kortgaard, after having been given the required notice,[1] refused to take membership in the Brotherhood of Railroad Trainmen. Thereupon the Railway company notified them of their failure to comply with the agreement. Within the Railway organization, as provided in the statute and in the Collective Bargaining Agreement,[2] the three men named prosecuted appeals to the highest railroad officials and their employment was declared terminated. The contention of the individual plaintiffs was that they were exempt from joining the Brotherhood, because they were members of the plaintiff United Railroad Operating Crafts, a labor organization which they alleged to be "national in scope." At that time, instead of pursuing their remedy by petition to the Railroad Adjustment Board as provided in the Railway Labor Act, 45 U.S.C.A. § 153, the plaintiffs filed a complaint in the United States District Court for the

1. As provided in § 7(b) of the Collective Bargaining Agreement of August 16, 1951.

2. Collective Bargaining Agreement, Sections 7a to 7e.

Western District of Washington, seeking an order of the court to reinstate them, to restrain their discharge, for preliminary injunction and for damages. The relief sought was asked on behalf of all members of the United Railroad Operating Crafts who might be affected.

The court granted a temporary injunction restraining the Railway Company from discharging the individual plaintiffs and any others similarly situated. The Brotherhood of Railroad Trainmen was subsequently permitted to intervene and moved to dismiss the cause for lack of jurisdiction. The court denied the motion to dismiss, and, after issue was joined, made an order that the issues tendered by the plaintiffs should be administratively prosecuted by plaintiffs under the Railway Labor Act, but that the court would retain jurisdiction for such rulings thereafter as might be appropriate in the light of such decision as might be made by the Railroad Adjustment Board. The court further ordered that unless the plaintiffs prosecuted such proceedings within thirty days, the court would dismiss the action.

From this order and decree, the Brotherhood of Railroad Trainmen have appealed upon the ground that the District Court had no jurisdiction over the cause. They were joined in this regard by the Brotherhood of Locomotive Engineers and by the Brotherhood of Locomotive Firemen and Enginemen, as Amici Curiae. Plaintiffs have appealed from that part of the order directing them to prosecute further proceedings before the Adjustment Board. The court below continued the status quo pending the prosecution of the appeal.

There is no need to consider any question except the issue of jurisdiction of the court below, as that is decisive of the appeal.

In our opinion, the law is clear that the District Court had no jurisdiction to entertain the complaint. The grievance of the plaintiffs below constituted a dispute which the Congress provided should be determined exclusively under the Railway Labor Act.[3] The Act itself declares that it provides "for the prompt and orderly settlement of all disputes growing out of grievances * * *." 45 U.S.C.A. § 151a. This is not a case like Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 or Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 323 U. S. 210, 65 S.Ct. 235, 89 L.Ed. 187. No claim is made that the Collective Bargaining Agreement here was unlawfully entered into or that the agreement itself was unlawful in terms or effect. The distinction between such cases and those reserved exclusively for determination under the Railway Labor Act is made abundantly clear in our decision in Hayes v. Union Pac. R. Co., 9 Cir., 184 F.2d 337, as well as, more latterly, in Colbert v. Brotherhood of Railroad Trainmen, 9 Cir., 206 F.2d 9. We need not write additional pages to reiterate what has already been decided.

In attempting to reserve jurisdiction pending administrative proceedings, the District Court was undoubtedly motivated by a laudable desire to mold a comprehensive equity decree. Such procedures have been approved in other types of proceedings.[4] But they are, of course, ineffective, if the Court lacks jurisdiction in the first place.

**3.** General Committee of Adjustment of Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76; General Committee of Adjustment of Brotherhood of Locomotive Engineers v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85; Order of Railway Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795.

**4.** For example, in proceedings wherein it appears during the course of the litigation that an administrative problem committed to the Interstate Commerce Commission is involved, see General American Tank Car Corp. v. El Dorado Terminal Co., 1940, 308 U.S. 422, 60 S. Ct. 325, 84 L.Ed. 361.

And in habeas corpus proceedings, see Lee Fong Fook v. Wixon, 9 Cir., 1948, 170 F.2d 245.

**138**

The contention has been made by the appellant United Railroad Operating Crafts that only the courts have the power to determine the meaning of the statute's language: "[a] labor organization national in scope". It appears to us that there is no reason at all why the meaning of such a term cannot be determined by the Railroad Adjustment Board, for it is the essence of the employees' grievance. And grievances arising in the performance of collective bargaining agreements, Congress has declared, are to be settled administratively. As was said in Hayes v. Union Pac. R. Co., supra [184 F.2d 338], "Federal Courts are not charged by federal law with the duty or function of policing the parties in the performance of collective bargaining agreements * * *."

We conclude that the United States District Courts have not been granted jurisdiction to determine issues of the kind tendered by the complaint filed below. Consequently, the cause is remanded to the District Court with directions to dismiss the cause for lack of jurisdiction.

Remanded with directions to dismiss the cause.