Joseph J. BOHNEN, Steven Hadt, William P. McNamar, Willard R. Orr, and William H. Sample,

v.

The BALTIMORE AND OHIO CHICAGO TERMINAL RAILROAD COMPANY, a corporation, and the Brotherhood of Railroad Trainmen.

Civ. No. 1659.

United States District Court, N. D. Indiana, Hammond Division.

Oct. 19, 1954.

Eugene D. Tyler and Henry S. Kowalczyk, Hammond, Ind., for plaintiffs.

Sydney R. Prince, Jr., Baltimore, Md., Rae M. Royce, Hammond, Ind., for Baltimore and Ohio Chicago Terminal R. Co.

Henslee, Monek & Murray and Henry W. Lehmann, Chicago, Ill., for Brotherhood of Railroad Trainmen.

SWYGERT, Chief Judge.

Two preliminary motions have been filed in this case. One is a motion to dismiss under Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and alternatively under Rule 56(b) for summary judgment of dismissal. The other is a motion to transfer this case to the United States District Court for the Northern District of Illinois under the provisions of Section 1404(a) of the Judicial Code of the United States, 28 U.S.C. § 1404(a). These motions were heard and submitted simultaneously.

■ Section 1404(a) was drafted in accordance with the doctrine of forum non conveniens and permits the transfer of the cause to another forum if such transfer makes the trial of the case easy, expeditious and inexpensive, that is, more convenient for the parties and witnesses.[1] Since these are the factors that must be considered, it would seem proper for the Court to rule on the motion to transfer venue only in the event it is decided that a trial is necessary. Therefore the Court should determine first the jurisdictional questions raised by the motion to dismiss or alternatively for summary judgment of dismissal.

Although a serious question is presented by the motion to dismiss with respect to the application of the doctrine of res judicata even though the prior litigation in Chicago between these parties was terminated by an order of dismissal upon jurisdictional grounds,[2] that question is not reached for the reason that the Court in any event is without jurisdiction to determine the claims of the plaintiffs.

The gravamen of the plaintiffs' complaint in the instant case is that the Brotherhood of Railroad Trainmen refused reinstatement only to those members of UROC who were active in that organization and that the Brotherhood offered and did accept back those members of UROC who were not active in that organization. Plaintiffs say this constitutes discrimination and that their discharge by the employer is a violation of Section 2, Eleventh (a) of the Railway Labor Act, 45 U.S.C.A. § 152, since the cause of their non-membership in the Brotherhood of Railroad Trainmen is not the failure to pay dues but rather, is a policy of the Brotherhood not to reinstate them because of their previous activities in the rival union; that their

1. Heller & Co. v. Perry, 7 Cir., 1953, 201 F.2d 525.

2. See In re Bourke's Estate, 159 Kan. 553, 156 P.2d 501, 157 A.L.R. 1107.

discharge is the result of hostile discrimination by the bargaining representative and that therefore the district court has initial jurisdiction to issue an injunction under the principle of Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173.

Attached to the complaint as an exhibit is a copy of the union shop agreement entered into between the Baltimore and Ohio Chicago Terminal Railroad Company and the Brotherhood of Railroad Trainmen on September 20, 1951. This agreement contains a provision that the requirement of union membership is satisfied if "any employee shall hold or acquire membership in any one of the labor organizations, other than the Brotherhood, national in scope, organized in accordance with the Railway Labor Act * * *". It also provides that "Nothing in this agreement shall require an employee to become or to remain a member of the Brotherhood if such membership is not available to such employee upon the same terms and conditions as are generally applicable to other members, or if the membership of such employee is denied or terminated for any reason other than the failure of the employee to tender the periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership." These provisions are in accordance with the requirements of Section 2, Eleventh (a) and (c), of the Railway Labor Act, 45 U.S.C. § 152.

When the provisions of the agreement are taken into consideration it seems clear that what the plaintiffs are complaining about is conduct of the Brotherhood and the defendant railroad which they say is not in accordance with the terms of the contract. In other words, it is a dispute growing out of an interpretation or application of an agreement concerning working conditions and therefore is the kind of dispute which must be brought before Adjustment Board under Section 3 of the Act for settlement.

The applicability of the principle upon which the Steele case was decided has been before at least two other courts in which members of UROC have sought an injunction to prevent their discharge from employment. United R. R. Operating Crafts v. Northern Pac. Ry. Co., 9 Cir., 1953, 208 F.2d 135; United Railroad Operating Crafts v. Wyer, D.C.S.D. N.Y., 1953, 115 F.Supp. 359. It was decided in both cases that the Steele case was not applicable and that the administrative proceeding provided by the Railway Labor Act was the only available remedy. Although the plaintiffs' contentions in the instant case are not identical with the contentions presented in those cases, they are so similar in my opinion as not to make a difference in how they should be viewed. The reasoning leading to the decisions in those cases is persuasive and must be adopted in ruling on the instant motion. Accordingly, I conclude that the court cannot assume jurisdiction and that the motion to dismiss should be granted.

The motion to dismiss is granted.

Cause dismissed.