**William P. McNAMAR, Plaintiff-Appellant,**

v.

**BALTIMORE & OHIO CHICAGO TER-MINAL RAILROAD COMPANY et al., Defendants-Appellees.**

**No. 12135.**

United States Court of Appeals Seventh Circuit.

April 28, 1958.

Straley Thorpe, Eugene D. Tyler, Hammond, Ind., Henry S. Kowalczyk, Hammond, Ind., for appellant.

S. R. Prince, C. C. Rettberg, Jr., Baltimore, Md., Charles G. Bomberger, Bomberger, Wilson, Crites, & Belshaw, Hammond, Ind., John J. Naughton, Edward B. Henslee and Martin K. Henslee, Chicago, Ill., Timothy P. Galvin, Hammond, Ind., of counsel, for appellee.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

McNamar, plaintiff railroad switchman, sued his former railroad employer, Baltimore & Ohio Chicago Terminal Railroad Company and, the statutory bargaining representative, Brotherhood. of Railway Trainmen, in the Lake Superior Court, Indiana, to recover damages for plaintiff's dismissal from railroad service for failure to comply with the union shop agreement concerning members of plaintiff's craft. After the cause was removed to the United States District Court, a motion for summary judgment was allowed on the facts based upon the reasons and grounds reported in McNamar v. Baltimore & Ohio Chicago Terminal R. Co., D.C.Ind.1957, 153 F. Supp. 835; this appeal followed.

■ Plaintiff insists his is an Indiana common law tort action "for a third party conspiring with a party to a contract, to cause its breach." Obviously, an existing contract is indispensable for the foundation of plaintiff's action for procuring its breach and, if McNamar violated the Union Shop Agreement he cut ground from under himself. On the

other hand if, somehow, a contract was extant between plaintiff and his employer, these defendants were justified in taking the action now complained of. See e.g. Bohnen v. Baltimore & Ohio Chicago Terminal R. Co., D.C.Ind.1954, 125 F.Supp. 463, 464, where McNamar was also a plaintiff in an action about which the district judge explained, *inter alia:*

"The gravamen of the plaintiffs' complaint in the instant case is that the Brotherhood of Railroad Trainmen refused reinstatement only to those members of UROC who were active in that organization and that the Brotherhood offered and did accept back those members of UROC who were not active in that organization. Plaintiffs say this constitutes discrimination and that their discharge by the employer is a violation of Section 2, Eleventh (a) of the Railway Labor Act, 45 U.S.C.A. § 152, since the cause of their non-membership in the Brotherhood of Railroad Trainmen is not the failure to pay dues but rather, is a policy of the Brotherhood not to reinstate them because of their previous activities in the rival union; that their discharge is the result of hostile discrimination by the bargaining representative and that therefore the district court has initial jurisdiction to issue an injunction under the principle of Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173".

[2] From what that same district judge concluded in the current situation about McNamar it is clear this plaintiff was not a member of any qualified labor organization during the sixty day period after he quit the defendant Brotherhood and fact finding at a trial simply would not bridge that hiatus. McNamar breached the Union Agreement and the Railroad discharged him upon demand of its co-defendant. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C. having been repeatedly discussed in our opinions, needs no further exposition in this case. See Pennsylvania R. Co. v. Ryc-

hlik, 1957, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480.

Moore v. Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, was decided before the decision in Pennsylvania R. Co. v. Rychlik, 1957, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480, and McNamar seeks money damages, rather than reinstatement or prevention of discharge from employment. Our opinion in United Railroad Operating Crafts v. Pennsylvania R. Co., 7 Cir., 1954, 212 F.2d 938 is distinguishable on the jurisdictional problem because it was to restrain the defendant Railroad from discharging plaintiffs. Steele v. Louisville & N. R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173, is much too narrow a holding for this plaintiff. In this case, and only on these facts, we will assume plaintiff did not have to exhaust his administrative remedies available at the System Board level before resorting to his purported action for damages. The motion for summary judgment was correctly allowed and that is the narrow ground of our disposition.

Judgment affirmed.