Joseph D. NOBILE
v.
W. B. WOODWARD, Jr., Brotherhood of Locomotive Firemen and Enginemen
and
The Pennsylvania Railroad Company.
Civ. A. No. 22229.

United States District Court
E. D. Pennsylvania.
Jan. 9, 1962.

David H. H. Felix, of Felix & Felix, Philadelphia, Pa., for plaintiff.

Allen S. Olmsted, 2nd, of Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendants Woodward and Brotherhood.

Robert M. Landis, of Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant Railroad.

FREEDMAN, District Judge.

Plaintiff brought this action against the Brotherhood, the general chairman of its general grievance committee, Woodward, and the Railroad. He claims that he was wrongfully discharged from his employment by the Railroad as a locomotive fireman and that his discharge was caused by a notice from Woodward and the Brotherhood to the Railroad that he had violated the union shop agreement by neglecting to pay his union dues. Plaintiff alleges that in fact his delinquency in payment of dues was not the true reason for the notice to the Railroad, but that on the contrary the notice was given maliciously and unlawfully because Woodward knew that it was the custom of plaintiff and other members of his union lodge, acquiesced in by the union, to allow dues to accumulate for three or four months. (Complaint 5, 7 and 9.) He did not pay the union dues for the months of May, June and July 1954. On August 5, 1954, he was discharged by the Railroad. One day later, on August 6, 1954, he paid his dues for May, June, July and August 1954 by check which was deposited to the lodge's account, but which the lodge later repaid to him.

In these circumstances, plaintiff claims reinstatement in the Brotherhood, damages from Woodward and the Brotherhood for malicious inducement to breach of contract and for loss of wages, and reemployment by the Railroad with reinstatement of seniority.

The three defendants have filed motions for summary judgment.

The Railway Labor Act (45 U. S.C.A. § 151 et seq.) authorizes certain labor organizations to bargain collectively and by an amendment in 1951 duly designated labor organizations may conclude union shop agreements by which all employees must within sixty days after the commencement of their employment acquire union membership. By the Congressional plan there was created the National Railroad Adjustment Board to hear and decide certain specified disputes between an employee or group of employees and a carrier. In view of the great powers thereby conferred on the union the Supreme Court has held in a number of cases that the Railway Labor Act requires union representation to be exercised without "hostile discrimination" toward any one group.[1] These cases dealt with discrimination practiced against a member because he belonged to a racial group. The principle has since been extended to cases of discrimination practiced against other groups,[2] and against an individual.[3] We entertain no

1. Steele v. Louisville & Nashville R. R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944); Graham v. Brotherhood of Locomotive Firemen, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22 (1949); Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283 (1952); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

2. Mount v. Grand International Brotherhood of Locomotive Engineers, 226 F.2d 604 (6th Cir. 1955), dealing with geographical discrimination; and Hargrove v. Brotherhood of Locomotive Engineers, 116 F.Supp. 3 (D.C.1953), dealing with discrimination based on previous employment.

3. Cunningham v. Erie Railroad Company, 266 F.2d 411 (2d Cir. 1959); reiterated in Latham v. Baltimore and Ohio Railroad, 274 F.2d 507 (2d Cir. 1960); Sells

doubt that discrimination practiced against an individual in any form whatever would constitute a wrong done to him by his union in violation of its duty to represent him fairly and impartially. Indeed, the Brotherhood concedes that discrimination which the union is forbidden to practice against the employee is not limited to racial discrimination, but claims that it must be based on conduct directed against a class and not against an individual by his union. There is no more reason to deny relief against discrimination because it is practiced by a union against an individual member than there is to deny relief because discrimination is not based on the member's race or religion. We hold, therefore, that discrimination against an individual in the form here alleged violates the Railway Labor Act. It follows that this Court has competence to adjudicate the dispute under 28 U.S.C.A. §§ 1331 and 1337, despite the statutory prohibition in 45 U.S.C.A. § 153, First (i), dealing with the jurisdiction of the National Railroad Adjustment Board.[4]

■ We agree with the Court of Appeals for the Second Circuit in the Cunningham case that the controversy should not be cut up into segments and that the claim against the Railroad should be adjudicated in this suit.

■ The Railroad essentially is in the position of a bystander, albeit an interested one. It discharged plaintiff because of the notice it received from the Brotherhood. The Railroad claims that the Court has no jurisdiction over the subject matter of the suit because the National Railroad Adjustment Board has denied plaintiff's claim. The fact is that the Board denied plaintiff's claim for reinstatement on the express ground that it had no jurisdiction because he had failed to seek a hearing before the System Board of Adjustment set up by the union

shop agreement. The Board's decision therefore was not a decision on the merits of plaintiff's claim. But as we have pointed out, plaintiff's suit is not the result of a dispute with the Railroad; it is rather a claim of discrimination alleged to have been practiced against him by the Brotherhood. Such a claim is cognizable here and not before the National Railroad Adjustment Board. His futile application to the Board does not oust the jurisdiction of the Court. Latham v. Baltimore and Ohio Railroad, 274 F.2d 507 (2d Cir. 1960).

■ There remains for consideration the claim against Woodward, the Brotherhood official. Woodward claims that since the suit against him is based on diversity of citizenship we are bound by Falsetti v. Local Union No. 2026, U. M. W. A., 400 Pa. 145, 172, 161 A.2d 882 (1960), which holds that no action lies against a union official acting in his official capacity. Plaintiff is a citizen of the State of New York, he was a member of the Newark, New Jersey, lodge of the Brotherhood, and he was employed on the New York Division of the Railroad. At this stage of the case we cannot determine that Pennsylvania law is applicable. Moreover, even if we should assume that the claim against Woodward could not be maintained under our diversity jurisdiction, he may, we think, be sued here for the violation of the Railway Labor Act. In any event, therefore, Woodward has not made a clear showing for dismissal of the action against him.

Accordingly we enter the following

### Order

And Now, January 9, 1962, the motions for summary judgment of W. B. Woodward, Jr., Brotherhood of Locomotive Firemen and Enginemen and The Pennsylvania Railroad Company, are severally denied.

---

v. International Brotherhood of Firemen and Oilers et al., 190 F.Supp. 857 (1961); Brady v. Trans World Airlines, Inc. & International Assoc. of Machinists, 174 F.Supp. 360 (D.Del.1959).

4. See Cunningham v. Erie Railroad Company, 266 F.2d 411, 414–415 (2d Cir. 1959).