**George M. LaFRANCE, Plaintiff,**

v.

**BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN OF MICHIGAN CENTRAL RAILROAD** and **Elmer T. Shiplett, Defendants.**

**Civ. A. No. 20316.**

United States District Court
E. D. Michigan, S. D.

April 10, 1962.

Daniel Hodgman, Detroit, Mich., for plaintiff.

Rex Eames, Sullivan, Elmer, Eames & Moody, Detroit, Mich., for defendants, Heiss, Day & Bennett, Cleveland, Ohio, of counsel.

LEVIN, Chief Judge.

LaFrance, a former fireman on the Michigan Central division of the New York Central Railroad, brought this suit for damages arising out of his discharge by that railroad. Defendants are the Brotherhood of Locomotive Firemen and Enginemen and Elmer T. Shiplett, chairman of the General Grievance Committee of the Brotherhood. Defendants move for summary judgment.

LaFrance was employed as a fireman from 1946 until his discharge on July 24, 1954. Effective June 1, 1951, the defendant Brotherhood signed a union-shop agreement with the Michigan Central pursuant to the then newly enacted union-shop section of the Railway Labor Act, 45 U.S.C.A. § 152, Eleventh. In conformity with the statute, the agreement required that within sixty days all

employees covered by the agreement must join an appropriate union. The so-called operating employees (including firemen) were given the privilege of being members of any union "national in scope, organized in accordance with [the Railway Labor Act] and admitting [them] to membership."

Plaintiff evidently complied with the union-shop agreement until June 1, 1952, when he resigned from the Brotherhood of Locomotive Engineers and joined United Railroad Operating Crafts (UR OC). The latter union was a rival of the established Brotherhoods, and plaintiff evidently joined it in the belief that membership in UROC would satisfy the union-shop agreement. On July 2, 1952, defendant Brotherhood cited plaintiff to the railroad for failure to comply with the union-shop agreement. Plaintiff had a hearing on the charge, following which the employer deferred discharging plaintiff pending judicial determination of whether UROC was a union "national in scope, organized in accordance with the Railway Labor Act." Throughout this time, the defendant Brotherhood continued to press for plaintiff's discharge, and hence plaintiff does not contend that defendant union either caused a prejudicial delay or waived its rights by countenancing the delay. Following a number of court decisions ruling that UROC was not a qualified union for purposes of Railway Labor Act union-shop agreements (cited infra), plaintiff was discharged on July 24, 1954. On July 20, 1954, plaintiff attempted to tender a membership application and a check for dues to the defendant Brotherhood, but according to plaintiff, defendant Shiplett "in a high-handed and malicious manner" prevented the acceptance of the check and application. Some five years and fifty-one weeks after plaintiff's discharge, he brought the present action for $25,000 in damages.

Plaintiff seems to have left it to the court to discover a theory on which this action could be sustained. I am unable to find one. Most broadly, plaintiff's action can be viewed as one for damages caused by acts of defendants which were violations of either the collective bargaining agreements or the Railway Labor Act, or were discriminatory or tortious.

As this is an action for damages against a union and one of its officers, based on a failure of duties owed to plaintiff under the Railway Labor Act, this court has jurisdiction of the action. Steele v. Louisville and Nashville R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), Nobile v. Woodward, 200 F. Supp. 785 (E.D.Pa.1962), Hostetler v. Brotherhood of Railroad Trainmen, 183 F.Supp. 281 (D.Md.1960), aff'd, 287 F.2d 457 (4th Cir. 1961), cert. denied, 368 U.S. 955, 82 S.Ct. 397, 7 L.Ed.2d 387 (1962), Shiels v. Baltimore & Ohio R. Co., 154 F.Supp. 917 (S.D.Ind.1957), aff'd, 254 F.2d 863 (7th Cir. 1958), cert. denied, 358 U.S. 846, 79 S.Ct. 71, 3 L.Ed. 2d 80 (1958).

A long line of UROC cases have settled the question of the propriety of plaintiff's discharge. They hold that UROC was not a union such that membership in it would satisfy the union-shop requirements of agreements negotiated under the Railway Labor Act union-shop provision. Where an employee voluntarily relinquishes membership in a qualified union, as plaintiff did here, he cannot complain that the union unfairly ousted him from membership or has refused to reinstate him. Furthermore, a union's decision to avail itself of its rights under the Railway Labor Act and its collective bargaining agreements provides no ground for a discharged employee's action, and the motives of the union are not relevant, nor is it controlling that the union may have exercised its discretion in permitting some former members to rejoin and denying this privilege to others. It has also been held that tardily joining a qualified union, especially after discharge proceedings have been initiated, does not help the errant employee. Pennsylvania R. Co. v. Rychlik, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480 (1957),

Hostetler v. Brotherhood of Railroad Trainmen, supra, Latham v. Baltimore & Ohio R. Co., 274 F.2d 507 (2nd Cir. 1960), McNamar v. Baltimore & Ohio Chicago Terminal R. Co., 153 F.Supp. 835 (N.D.Ind.1957), aff'd, 254 F.2d 717 (7th Cir. 1958), Shiels v. Baltimore & Ohio R. Co., supra, and Pigott v. Detroit, T. & I. R. Co., 116 F.Supp. 949 (E.D.Mich.1953), aff'd, 221 F.2d 736 (6th Cir. 1955), cert. denied, 350 U.S. 833, 76 S.Ct. 68, 100 L.Ed. 743 (1955).

Plaintiff has no meritorious claim under the collective bargaining agreement or the Railway Labor Act. It is clear that plaintiff has no tort action predicated on defendant Brotherhood's exercise of its rights under its contracts. Assuming all allegations of the complaint as to Shiplett to be true, plaintiff has failed to present any grounds on which tort liability could be predicated as to him, and this is so whether or not Shiplett's alleged actions be viewed as authorized by the defendant union.

IT IS HEREBY ORDERED that the motions of both defendants for summary judgment be, and the same are, granted.