## TUNSTALL *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN ET AL.

No. 37.   Argued November 14, 1944.—Decided December 18, 1944.

*Mr. Charles H. Houston* for petitioner.

*Mr. Harold C. Heiss,* with whom *Messrs. Russell B. Day* and *William G. Maupin* were on the brief, for the Brother-

hood of Locomotive Firemen & Enginemen et al.; and *Mr. James G. Martin* for the Norfolk Southern Railway Co., respondents.

*Solicitor General Fahy, Messrs. Robert L. Stern, Alvin J. Rockwell, Joseph B. Robison, Frank Donner, Marcel Mallet-Provost* and *Miss Ruth Weyand* filed a brief on behalf of the United States; *Messrs. Thurgood Marshall* and *William H. Hastie* on behalf of the National Association for the Advancement of Colored People; and *Messrs. Edgar Watkins, John D. Miller, Arthur Garfield Hays, R. Beverley Herbert,* and *T. Pope Shepherd* on behalf of the American Civil Liberties Union, as *amici curiae,* in support of petitioner.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

This is a companion case to *Steele* v. *Louisville & Nashville R. Co., ante,* p. 192, in which we answered in the affirmative a question also presented in this case. The question is whether the Railway Labor Act, 48 Stat. 1185, 45 U. S. C. §§ 151 *et seq.,* imposes on a labor organization, acting as the exclusive bargaining representative of a craft or class of railway employees, the duty to represent all the employees in the craft without discrimination because of their race. The further question in this case is whether the federal courts have jurisdiction to entertain a non-diversity suit in which petitioner, a railway employee subject to the Act, seeks remedies by injunction and award of damages for the failure of the union bargaining representative of his craft to perform the duty imposed on it by the Act, to represent petitioner and other members of his craft without discrimination because of race.

Petitioner, a Negro fireman, employed by the Norfolk & Southern Railway, brought this suit in the District Court against the Railway, the Brotherhood of Locomotive Fire-

men and Enginemen and certain of its subsidiary lodges, and one of its officers, setting up, in all material respects, a cause of action like that alleged in the *Steele* case. The Brotherhood, a labor union, is the designated bargaining representative under the Railway Labor Act, for the craft of firemen of which petitioner is a member, and is accepted as such by the Railway and its employees.

Acting as such the Brotherhood gave to the Railway the notice of March 28, 1940, and later entered into the contract of February 18, 1941 and its subsequent modifications, all of which were the subject of our consideration in the *Steele* case. Petitioner complains of the discriminatory application of the contract provisions to him and other Negro members of his craft in favor of "promotable," i. e. white, firemen, by which he has been deprived of his pre-existing seniority rights, removed from the interstate passenger run to which he was assigned and then assigned to more arduous and difficult work with longer hours in yard service, his place in the passenger service being filled by a white fireman.

He alleges that the contract was signed and put into effect without notice to him or other Negro members of his craft, and without opportunity for them to be heard with respect to its terms, and that his protests and demands for relief to the Railway and the Brotherhood have been unavailing. Petitioner prays for a declaratory adjudication of his rights, for an injunction restraining the discriminatory practices complained of, for an award of damages and for other relief.

The District Court dismissed the suit for want of jurisdiction. The Circuit Court of Appeals for the Fourth Circuit affirmed, 140 F. 2d 35, on the ground that the federal courts are without jurisdiction of the cause, there being no diversity of citizenship and, insofar as the suit is grounded on the wrongful acts of respondents, it is not one arising under the laws of the United States, even

though the union was chosen as bargaining representative pursuant to the Railway Labor Act. See *Gully* v. *First National Bank*, 299 U. S. 109, 112, 114.

For the reasons stated in our opinion in the *Steele* case the Railway Labor Act itself does not exclude the petitioner's cause of action from the consideration of the federal courts. Cf. *Switchmen's Union* v. *National Mediation Board*, 320 U. S. 297; *General Committee* v. *M.-K.-T. R. Co.*, 320 U. S. 323; *General Committee* v. *Southern Pacific Co.*, 320 U. S. 338; *Brotherhood of Clerks* v. *United Transport Service Employees*, 320 U. S. 715, 816; with *Texas & New Orleans R. Co.* v. *Brotherhood of Railway Clerks*, 281 U. S. 548; *Virginian R. Co.* v. *System Federation*, 300 U. S. 515.

We also hold that the right asserted by petitioner which is derived from the duty imposed by the Railway Labor Act on the Brotherhood, as bargaining representative, is a federal right implied from the statute and the policy which it has adopted. It is the federal statute which condemns as unlawful the Brotherhood's conduct. "The extent and nature of the legal consequences of this condemnation, though left by the statute to judicial determination, are nevertheless to be derived from it and the federal policy which it has adopted." *Deitrick* v. *Greaney*, 309 U. S. 190, 200–201; *Board of County Commissioners* v. *United States*, 308 U. S. 343; *Sola Electric Co.* v. *Jefferson Co.*, 317 U. S. 173, 176–7; cf. *Clearfield Trust Co.* v. *United States*, 318 U. S. 363. The case is therefore one arising under a law regulating commerce of which the federal courts are given jurisdiction by 28 U. S. C. § 41 (8), Judicial Code § 24 (8); *Mulford* v. *Smith*, 307 U. S. 38, 46; *Peyton* v. *Railway Express Agency*, 316 U. S. 350; cf. *Illinois Steel Co.* v. *B. & O. R. Co.*, 320 U. S. 508, 510–511.

For the reasons also stated in our opinion in the *Steele* case the petitioner is without available administrative remedies, resort to which, when available, is prerequisite

to equitable relief in the federal courts. *Goldsmith* v. *Board of Tax Appeals,* 270 U. S. 117, 123; *Porter* v. *Investors Syndicate,* 286 U. S. 461, 471; 287 U. S. 346; *Natural Gas Co.* v. *Slattery,* 302 U. S. 300, 309; *Atlas Ins. Co.* v. *Southern, Inc.,* 306 U. S. 563.

We hold, as in the *Steele* case, that the bill of complaint states a cause of action entitling plaintiff to relief. As other jurisdictional questions were raised in the courts below which have not been considered by the Court of Appeals, the case will be remanded to that court for further proceedings.

*Reversed.*

Mr. Justice Murphy concurs in the result for the reasons expressed in his concurring opinion in *Steele* v. *Louisville & Nashville R. Co., ante,* p. 208.