**HESTER et al. v. BROTHERHOOD·OF RAILROAD TRAINMEN et al.**

Civ. A. No. 6555.

United States District Court
W. D. Missouri, W. D.

Sept. 26, 1951.

Jas. P. Aylward, Geo. V. Aylward, T. Paul Downs, Kansas City, Mo., for plaintiffs.

John Murphy and J. Gordon Siddens, of Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

By the separate motions of many of the personal defendants and the Brotherhood of Railroad Trainmen, dismissal of this action is sought upon the grounds that the complaint does not state a cause of action and that the court is without jurisdiction of the subject matter.

The petition or complaint covers 17 pages of closely typed matter and the brief in support of the several motions to dismiss contains 45 pages of closely typed matter. Both the complaint and the briefs could have been simplified and thereby have relieved the court of onerous burdens.

In substance the complaint says the plaintiffs were express messengers operating over certain lines of the Santa Fe Railway Company. For their services they were paid by the Express Company but there had been added to their duties that of handling baggage and mail for and on behalf of the Railway Company. However, such an arrangement was made through their employer and not with them so that for all their services they were paid by their employer, the Express Company, and that company was reimbursed by the Railway for its handling of baggage and mail for the Railway.

By proceedings before the Railroad Adjustment Board in grievances interposed by the defendant Brotherhood of Railroad Trainmen, the Railroad Adjustment Board awarded the handling of baggage and mail exclusively to the members of the Brotherhood of Railroad Trainmen. These awards were heretofore made and by such awards the handling of baggage and mail by express messengers was terminated and such duties were turned over to the Brotherhood of Railroad Trainmen. The several plaintiffs have filed this suit upon the ground that the representatives of the Brotherhood of Railroad Trainmen had discriminated against them and that a cause of action was created perforce the rulings or decisions in Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 and Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187.

■ 1. It is apparent from the complaint that the plaintiffs were not employees of the Railway Company. They were exclusively employed by the Express Company. The duties they performed were for the Express Company and not for the Railway Company. It is true the Express Company had an arrangement with the Railway to handle baggage and mail, but for such service the Express Company was paid by the Railroad. By such an arrangement the plaintiffs could hardly become, had they so desired, members of the Brotherhood of Railroad Trainmen. This is true for the reason they were in no sense employed by the Railroad.

■ 2. The action complained against was taken by representatives of the Brotherhood of Railroad Trainmen before the Railroad Adjustment Board. Clearly it had a right to obtain from that Board an award on a "grievance" it interposed against the Railroad. It was in no sense a negotiated contract by bargaining through representatives of the Brotherhood. In Steele v. Louisville & N. R. Co., supra, representatives of the labor organization discriminated against certain employees in such bargaining arrangement. The same thing is true in Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, supra, but such is not the case here. As stated, it was an adversary proceeding against the Railroad. The craft of Brotherhood Trainmen had lodged a grievance or grievances against the Railroad. These grievances were cognizable before the Railroad Adjustment Board and after an examination of the facts it made its awards. Such an award made by an administrative tribunal would relieve the representatives of the Brotherhood of any act of discrimination.

■ The plaintiffs fail to state a cause of action cognizable in this court and the motions to dismiss will be sustained.