Joe McMULLANS, M. R. Edwards, and E. W. Pate, Plaintiffs,

v.

KANSAS, OKLAHOMA & GULF RAILWAY COMPANY, Incorporated; and Local No. 488 of Brotherhood of Locomotive Firemen and Enginemen, an unincorporated labor association; and J. B. Farrell, Chairman, W. B. Moore, Vice Chairman, and F. E. Daniel, Secretary, of the Committee of the said Brotherhood of Locomotive Firemen and Enginemen, and as representatives of all of the employees of the class coming within the scope of the collective bargaining agreement between the said railway company and the said brotherhood, Defendants.

Civ. No. 3845.

United States District Court, E. D. Oklahoma.

Feb. 10, 1955.

Norman & Wheeler, Muskogee, Okl., for plaintiffs.

James D. Gibson, Muskogee, Okl., and Harold R. Shoemake, Muskogee, Okl., for defendants.

WALLACE, District Judge.

The plaintiffs, locomotive engineers employed by the defendant, Kansas, Oklahoma and Gulf Railway Company, incorporated (herein referred to as carrier) bring this action to gain a permanent injunction against all the defendants to prevent the enforcement of an "Agreement" entered into between said carrier and the defendant, Local No. 488 of Brotherhood of Locomotive Firemen and Enginemen, an unincorporated labor association (herein referred to as enginemen).[1] The contested agreement provides for compulsory retirement of locomotive engineers upon reaching the age of 70 years. Plaintiffs, although admitting that the Enginemen Association was the duly authorized bargaining representative for the plaintiff engineers at the time of the execution of said agreement,[2] urge that the agreement is invalid because: (1) The agreement was made without the giving of notice to plaintiffs as required by statute;[3] (2) The Enginemen Association breached its fiduciary relationship with the locomotive engineers by discriminating against the engineers in requiring retirement the purpose of which discrimination was to make jobs available for those having less seniority;[4] (3) The agreement directly

1. Plaintiffs are members of the Brotherhood of Locomotive Engineers, Div. No. 853, Muskogee, Oklahoma; and, all are over the age of 70.

2. Defendant Enginemen Association has been the bargaining representative of the locomotive engineers employed by said Carrier since December 21, 1953. The agreement was signed June 28, 1954.

3. Plaintiffs assert that 45 U.S.C.A. § 156 was applicable to the agreement in question in that such section provides in part:

"Carriers and representatives of the employees shall give at least thirty days' written notice of an intended change in agreements affecting rates of pay, rules or working conditions, * * *". See also 45 U.S.C.A. § 152, Seventh. Plaintiffs also rely upon Art. 77 of the original Articles of Agreement between the engineers and the defendant railroad, dated March 1, 1925.

4. Plaintiffs rely upon the principle announced in Graham v. Southern Railway

conflicts with express provisions of the Railway Retirement Act;[5] and deals with a subject which is not a proper object for collective bargaining.[6]

This Court issued a temporary injunction forestalling the immediate enforcement of the contested agreement, conducted a hearing on the merits and took the case under advisement.

After carefully reading the briefs submitted by counsel the Court has concluded that the instant agreement is valid and that the plaintiffs are not entitled to a permanent injunction prohibiting the contract's operation. The following conclusions are given in support of the Court's ruling:

1. The Court has jurisdiction over the parties and over the subject matter of the suit.[7]

2. Under the law the plaintiffs (or the Brotherhood of Locomotive Engineers) were not entitled to notice prior to the execution of the agreement in question inasmuch as defendant Enginemen Association was the duly authorized bargaining representative for the engineers at the time of the making of the agreement; and, the agreement, as between the contracting parties, that is, the carrier and the Enginemen Association, was amicably agreed upon.[8]

Co., D.C.D.C.1947, 74 F.Supp. 663, 664, affirmed, Graham v. Brotherhood of Locomotive Firemen and Enginemen, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22: "* * * An agent is a fiduciary. If the principal is a group of individuals, this obligation extends to each member of the group. The agent is bound to represent the interest of each member of the group fairly and with equal zeal. He may not neglect some of the members, prefer some as against others, or discriminate among them. He may not advance the interests of some to the prejudice of others. This is implicit in the fiduciary relationship that exists between every agent and his principal, be that principal a single individual or a group of individuals." See also Piercy v. Louisville & Nashville Railway Co., 1923, 198 Ky. 477, 248 S.W. 1042, 33 A.L.R. 322.

5. See 45 U.S.C.A. § 228b.

6. On this point plaintiffs urge that inasmuch as Congress has chosen, under the interstate commerce clause, to legislate in regard to retirement, annuities and pensions, such legislation amounts to a withdrawal of the issue of compulsory retirement from the field of private contract. Cf. Brotherhood of Railroad Shop Crafts of America, Rock Island System, Grand Lodge No. 3 v. Lowden, 10 Cir., 1936, 86 F.2d 458, 108 A.L.R. 1128.

7. Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 1944, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Boget v. Chicago & North Western Railroad Co. (Unreported) D.C.Ill.N.D.E.Div., No. 51 C 902 (1951). See also 28 U.S.

C.A. § 1337; and, 45 U.S.C.A. § 151 et seq.

8. As observed in Walker v. Pennsylvania-Reading Seashore Lines, 1948, 142 N.J.Eq. 588, 61 A.2d 453, 466: "It is quite apparent that sections 152–156, having in mind the general purposes of the Act, contemplated the amicable settling of disputes between the employer and the bargaining agent. The provision therein contained for notice and conference and intervention of the Mediation Board demonstrates clearly the anticipation of a possible dispute between the employer and the employee. It is the expressed desire and stated public policy of the statute to peacefully settle such disputes to avoid 'any interruption to commerce.' The general purposes of the Act are attained and do result if an original agreement of employment or a modification of an existing agreement are amicably arrived at by the parties thereto. If such a situation arises there is, of course, no excuse or reason for a notice or conference. The notice required under the statute is to be given to the representative of the employees and not to the employees themselves and no needful purpose could be served to require such notice where there was no controversy between employer and employee. Under the circumstances here present, these provisions may be expressly waived by the parties. The complainants, therefore, cannot be heard to complain that no such notice was given to their legally constituted representative, who patently waived the same. It would, in such circumstances, be needless and ridiculous to require notice to the bar-

3. The agreement does not discriminate against any special class or minority but equally affects all persons covered by the agreement. Although each person will be affected at a different time the impact upon all persons involved is the same.[9]

4. The agreement is not in conflict with express provisions of the Railway Retirement Act.[10]

5. The subject matter of the agreement in question is a proper object of collective bargaining and has not been taken over by express legislation enacted by Congress.[11]

The defendants are entitled to judgement. Counsel should submit a journal entry which conforms with this opinion within fifteen days.

gaining agent where there was a peaceful conclusion of negotiation, without any dispute as is contemplated by the statute." See, also, Goodin v. Clinchfield Railroad Co., D.C.Tenn.E.D.N.Div., 1954, 125 F.Supp. 441.

9. Thus the instant case is distinguishable from that line of authority relied upon by plaintiffs headed up by the case of Graham. v. Brotherhood of Locomotive Firemen & Enginemen, footnote 4, supra, wherein the Supreme Court in Syllabus 3 (b) stated: "The Railway Labor Act imposes upon an exclusive bargaining representative the duty to represent all members of the craft *without racial discrimination* and federal courts at the suit of a racial minority of the craft will enforce that duty. Steele v. Louisville & N. R. Co., 323 U.S. 192 [65 S.Ct. 226, 89 L.Ed. 173]; Tunstall v. Brotherhood of Locomotive Firemen, 323 U.S. 210 [65 S.Ct. 235, 89 L.Ed. 187];" (Emphasis supplied.) Read Colbert v. Brotherhood of Railroad Trainmen, 9 Cir., 1953, 206 F.2d 9, 12; Goodin v. Clinchfield Railroad Co., footnote 8, supra; Boget v. Chicago & North Western Railroad Co., footnote 7, supra.

10. Congress has not entered the field of compulsory retirement legislation and such field is a proper object of private agreement. The case of Railroad Retirement Board v. Alton Railroad Co., 1935, 295 U.S. 330, 55 S.Ct. 758, 79 L.

Ed. 1468, holding that Congress has no authority to compel involuntary retirement under the interstate commerce clause has no bearing on the issue in the instant case dealing with the right of private parties to contract, other than to emphasize that Congress has not (and cannot) enact such legislation. The issue of compulsory retirement must be sharply distinguished from legislation dealing with pensions and annuities at the time of retirement.

11. As stated in Inland Steel Co. v. National Labor Relations Board, 7 Cir., 1949, 170 F.2d 247, 252, 12 A.L.R.2d 240: "We are unable to differentiate between the conceded right of a Union to bargain concerning a discharge, and particularily a nondiscriminatory discharge, of an employee and its right to bargain concerning the age at which he is compelled to retire. In either case, the employee loses his job at the command of the employer; in either case, the effect upon the 'conditions' of the person's employment is that the employment is terminated, and we think in either case, the affected employee is entitled under the Act to bargain collectively through his duly selected representatives concerning such termination." Read Goodin v. Clinchfield Railroad Co., footnote 8, supra; and, Boget v. Chicago & North Western Railroad Co., footnote 7, supra.