Leslie A. DUPLISEA, Plaintiff, Appellant,

v.

MAINE CENTRAL RAILROAD,
Defendant, Appellee.

No. 5368.

United States Court of Appeals
First Circuit.

Oct. 31, 1958.

---

Oscar Walker, Bangor, Me., for appellant.

Arnold L. Veague, Bangor, Me., with whom John W. Conti and Eaton, Peabody, Bradford & Veague, Bangor, Me., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Appeal is taken from an order dismissing a complaint for lack of jurisdiction.

The complaint is conveniently vague as to the basis of federal jurisdiction. Clearly it is not diversity of citizenship under 28 U.S.C. § 1332, for the complaint alleges that plaintiff is a citizen of Maine and that defendant Railroad is a corporation incorporated under the laws of the State of Maine. Nor is there any allegation of a breach of a duty imposed or the violation of a right given by the Constitution, the Railway Labor Act, or any other federal statute. Compare Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 1944, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187. Nor does the complaint raise any question as to the validity, construction, or effect of the Constitution or of any law of the United States. On the contrary, under the terms of the complaint, plaintiff seeks damages for an alleged wrongful discharge in violation of the terms of a collective bargaining agreement negotiated by the Railroad and the Brotherhood of Railroad Trainmen under the provisions of the Railway Labor Act.

No doubt the Railway Labor Act is an "Act of Congress regulating commerce" within the meaning of 28 U.S.C. § 1337. It would have been within the power of Congress to provide a federal cause of action for damages based upon a wrongful discharge of a railway employee in violation of the collective bargaining agreement. Cf. Textile Workers Union of America v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed. 2d 972. If such a federal cause of action had been created, presumably the federal district court would have had jurisdiction, either under 28 U.S.C. § 1337, or under the more general provision of 28 U.S.C. § 1331, since more than $3,000 was involved.

But counsel for appellant was unable to point to any provision of the Railway Labor Act creating such federal cause of action. Nor have we been able to find any such provision. What seems to come nearest to the present case is found in the terms of 48 Stat. 1189 (1934), 45 U.S.C.A. § 153, under which a railway employee having a grievance because of alleged wrongful discharge in violation of a term of the collective bargaining agreement is permitted to submit his case to the National Railroad Adjustment Board. It is provided further in 48 Stat. 1191 (1934), 45 U.S.C.A. § 153(m), that any resulting awards by the Railroad Adjustment Board, or a division thereof, "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." In subsection (o) of the same section,

it is provided that when such an award is made, the Railroad Adjustment Board "shall make an order, directed to the carrier, to make the award effective and, if the award includes the requirement for the payment of money, to pay to the employee the sum to which he is entitled under the award on or before a day named." The following subsection provides that if the carrier does not comply with such order, then the aggrieved employee "may file in the District Court of the United States * * * a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated * * *. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board." Thus Congress not only failed expressly to create a special jurisdiction in the federal courts for adjudication of claims based on violations of such collective bargaining contracts, but Congress in fact did create such a jurisdiction in an administrative body. As stated in Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 1950, 180 F.2d 569, 573–574:

"Congress having specifically conferred upon the Adjustment Board the authority to hear and determine plaintiff's grievance, it is not in the absence of express language to be implied that it also intended to confer jurisdiction upon the courts. Such a holding * * * would seriously impair if not destroy the usefulness of the Act and the purpose which Congress sought to achieve."

Apparently the plaintiff at first invoked these administrative remedies under the Railway Labor Act, for the complaint contains a somewhat cryptic paragraph reading as follows:

"That at all times herein mentioned from February 23, 1953 to January 17, 1958, the plaintiff appealed within sixty (60) days from the date of the last decision rendered, to wit: February 23, 1953, with no decision having been rendered on said appeal therefrom to this date, the plaintiff pursued his claim of alleged wrongful discharge in violation of collective bargaining agreement then and there, by exhausting to finality his administrative remedies, under provisions of the Railway Labor Act."

If it may be inferred from the above-quoted allegation that a division of the Railroad Adjustment Board in processing a grievance by the plaintiff has made an adverse award to the effect that the plaintiff has no just grievance under the collective bargaining agreement, then the plaintiff would have to deal with the provision of 45 U.S.C.A. § 153(m) to the effect that the award "shall be final and binding upon both parties to the dispute" in case the plaintiff should subsequently seek to recover on a common law action for breach of contract in a state court, assuming, of course without now deciding, that such court would otherwise have jurisdiction of the action.

Among the precedents fully supporting the action of the district court, see Stack v. New York Central R. Co., 2 Cir., 258 F.2d 739; Starke v. New York, Chicago & St. Louis R. Co., supra; Broady v. Illinois Central R. Co., 7 Cir., 1951, 191 F.2d 73, 78–79, certiorari denied, 1951, 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672; Strawser v. Reading Co., D.C.E.D.Pa. 1948, 80 F.Supp. 455.

A judgment will be entered affirming the order of the District Court.