**Eugene J. MORRISSETTE, Felix Lee and Nathaniel Brown, Plaintiffs,**

v.

**CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, a corporation, Defendant.**

**No. 60 C 1171.**

United States District Court
N. D. Illinois, E. D.
May 3, 1961.

———◆———

Arthur S. Gomberg, Chicago, Ill., for plaintiff.

Burton E. Ericson, of Bishop, Burdett, Falasz & Doherty, and T. G. Schuster, Chicago, Ill., for defendant.

ROBSON, District Judge.

Plaintiffs are former employees of defendant and have filed a two-count complaint for wrongful discharge. Count

one is for damages, and count two is for reinstatement. Defendant has moved to dismiss the complaint for lack of jurisdiction in this Court and failure to state a claim upon which relief may be granted.

Plaintiffs do not allege that jurisdiction is based on diversity, but state that the "jurisdiction of this Court is founded upon interpretation of the Railway Labor Act, 45 U.S.C., Sections 151 et seq. * * *" The Act does not give District Courts jurisdiction over actions for wrongful discharge, whether the relief sought is damages or reinstatement (Broady v. Illinois Cent. R. Co., 7 Cir., 1951, 191 F.2d 73; Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 1950, 180 F.2d 569; Buster v. Chicago, M., St. P. & P. R. Co., 7 Cir., 1952, 195 F.2d 73). The Act provides an administrative remedy for settling such matters. A discharged employee has alternative remedies, one established by the Act and one at common law, if the state law permits such an action without a showing of prior exhaustion of administrative remedies (Walters v. Chicago and North Western Railway Co., 7 Cir., 1954, 216 F.2d 332).

Plaintiffs elected to pursue their administrative remedy and submitted their claims to the National Railroad Adjustment Board, Third Division, which denied them December 16, 1959. Plaintiffs allege that the Board failed to make an award because it became deadlocked, and no referee was appointed in accordance with the statute. The Act establishes a procedure to follow upon deadlock, but plaintiffs have not alleged that they availed themselves of it (45 U.S.C.A. § 153, subd. 1). The Board's awards (or "denials" of plaintiffs' claims) are not included in the pleadings, nor are the transcripts on which they are based, so it must be presumed they were validly determined.

In Union Pacific R. Co. v. Price, 1959, 360 U.S. 601, at page 608, 79 S.Ct. 1351, 1355, 3 L.Ed.2d 1460, the Court said:

"Thus, the plain language of § 3 First (m), on its face, imports that Congress intended that the Board's disposition of a grievance should preclude a subsequent court action by the losing party. Furthermore, we have said of the Railway Labor Act that 'the specification of one remedy normally excludes another.' Switchmen's Union v. National Mediation Board, 320 U.S. 297, 301 [64 S.Ct. 95, 97, 88 L.Ed. 61]. Thus, our duty to give effect to the congressional purpose compels us to hold that the instant common-law action is precluded unless the overall scheme established by the Railway Labor Act and the legislative history clearly indicate a congressional intention contrary to that which the plain meaning of the words imports. Our understanding of the statutory scheme and the legislative history, however, reinforces what the statutory language already makes clear, namely, that *Congress barred the employee's subsequent resort to the common-law remedy after an adverse determination of his grievance by the Adjustment Board.*" (Emphasis ours.)

The Court further said in 360 U.S. at page 612, 79 S.Ct. at page 1357:

"Upon failure of a division to agree upon an award because of a deadlock or inability to secure a majority vote of the division members, the division must appoint a neutral referee to sit with the division as a member thereof and make an award, § 3 First (l). Awards are final and binding except insofar as they contain a money award * * *." (Emphasis ours.)

Continuing, the Court reviewed the legislative history of the Act and said at pages 613–614, 79 S.Ct. at page 1358:

"The labor spokesman for the proposal made it crystal clear that an essential feature of the proposal was that *Board awards on grievances submitted by or on behalf of employees were to be final and binding upon the affected employees.* The

employees were willing to give up their remedies outside of the statute provided that a workable and binding statutory scheme was established to settle grievances. \* \* \*

"The employees' representatives made it clear that, if such a statutory scheme were provided, the employees would accept the awards as to disputes processed through the scheme as final settlements of those disputes which were not to be raised again." (Emphasis ours.)

The Court further said at page 617, 79 S.Ct. at page 1360:

"To say that the discharged employee may litigate the *validity* of his discharge in a common-law action for damages after failing to sustain his grievance before the Board is to say that Congress planned that the Board should function only to render advisory opinions, and intended the Act's entire scheme for the settlement of grievances to be regarded 'as wholly conciliatory in character, involving no element of legal effectiveness, with the consequence that the parties are entirely free to accept or ignore the Board's decision \* \* \* [a contention] inconsistent with the Act's terms, purposes and legislative history.' Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 720–721 [65 S.Ct. 1282, 1288, 89 L.Ed. 1886].

"We therefore hold that *the respondent's submission to the Board of his grievances as to the validity of his discharge precludes him from seeking damages in the instant common-law action.*" (Emphasis ours.)

■ Furthermore, as was pointed out by the Court of Appeals, Seventh Circuit, in Ellerd v. Southern Pacific Railroad Co., 1957, 241 F.2d 541, it is improper for a court to pass upon the validity of the Board's award where it is not a party to the suit. The Court concludes that it is without jurisdiction to hear and determine a wrongful discharge action against a rail carrier where

diversity of citizenship is not present and there has been a prior adjudication thereof by the Board. Broady v. Illinois Cent. R., 7 Cir., 1951, 191 F.2d 73; Buster v. Chicago, M., St. P. & P. R. Co., 7 Cir., 1952, 195 F.2d 73; Ellerd v. Southern Pacific Railroad Co., supra; Duplisea v. Maine Central Railroad, 1 Cir., 1958, 260 F.2d 495.

■ In their memorandum opposing defendant's motion, plaintiffs request that in the event the Court finds that it is without jurisdiction, it transfer the case to the State court rather than dismiss. It is apparent that once having submitted the validity of their discharge to the Board, plaintiffs are precluded from maintaining any common law action. The request is denied.

The motion to dismiss is granted.