338 F.2d 778
 Roger L. HILLER and Kenneth A. Hiller, Administrators of the
Estate of Louis L. Hiller, deceased, Plaintiffs-Appellants,
v.
LIQUOR SALESMEN'S UNION LOCAL NO. 2, Popper-Morson
Corporation and The American Distilling Company,
Inc., Defendants-Appellees.
 No. 97, Docket No. 29030.
 United States Court of Appeals Second Circuit.
 Argued Oct. 6, 1964.
Decided Dec. 2, 1964.
 
 Dora Aberlin, New York City, for appellants.
 Victor Feingold, New York City, for appellee Union.
 Simon Rosenzweig, William Rosenfeld, New York City, for appellee American Distilling Co., Inc.
 Irving J. Seaver, Van Buren, Schreiber & Kaplan, New York City, for appellee, Popper-Morson Corp.
 Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 Plaintiffs are the administrators of the estate of Louis L. Hiller. The complaint in the action alleges, in effect, that Hiller was unlawfully discharged in 1959 from his employment with The American Distilling Company, Inc. and in 1960 from his employment with Popper-Morson Corporation, and that these discharges were with the knowledge, consent and connivance of the Liquor Salesmen's Union, Local No. 2, of which Hiller was a member in good standing, that Hiller was unlawfully deprived of certain disability insurance and other benefits, that during his employment by Popper-Morson, Hiller was paid less than the salary provided for in the collective bargaining agreement between Popper-Morson and the Union, that this was with the Union's knowledge, consent and connivance, that The American Distilling Company, Inc. coerced Hiller into accepting a compromise of certain rights to commissions and seniority rights, and into signing a letter of resignation, all in violation of the collective bargaining agreement and all with the knowledge, consent and connivance of the Union. The plaintiffs demand damages totalling $48,690.
 
 
 2
 In the district court, the defendants moved for a stay pending arbitration and their motion was granted. 226 F.Supp. 161 (1964). This was error.
 
 
 3
 However inartistically stated, the amended complaint seeks to set forth a claim based upon denial by the Union of the right of fair representation. See Syres v. Oil Workers Int'l Union, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785, reversing per curiam 223 F.2d 739 (5th Cir. 1955); Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283 (1952); Tunstall v. Brotherhood of Locomotive Firemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944); Steele v. Louisville & N.R.R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); cf. Ford Motor Co. v. Huffman, 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). When as is alleged here an employer joins with the union to defraud the employee of his rights, both union and employer are liable. See Ford Motor Co. v. Huffman, supra; Steele v. Louisville & N. R.R., supra; Richardson v. Texas & N.O. R.R., 242 F.2d 230 (5th Cir. 1957); Central of Georgia Ry. v. Jones, 229 F.2d 648 (5th Cir.), cert. denied, 352 U.S. 848, 77 S.Ct. 32, 1 L.Ed.2d 59 (1956).
 
 
 4
 It is true that the collective bargaining agreements contain arbitration clauses and that if this were simply a suit for wrongful discharge, the arbitration clauses would be available to the employers as a defense. Larsen v. American Airlines, Inc., 313 F.2d 599 (2d Cir. 1963); Henderson v. Eastern Gas and Fuel Co., 290 F.2d 677 (4th Cir. 1961). But where the employee's case is based upon a conspiracy between his union and his employer to deprive him of his rights he cannot be forced to submit that issue to an arbitration between the employer and the union. Such a procedure would fail completely to settle the issues between the union member and his union. It would entrust representation of the employee to the very union which he claims refused him fair representation, and it would present as adversaries in the arbitration procedure the two parties who, the employee claims, are joined in a conspiracy to defraud him.
 
 
 5
 That Judge Bryan had misgivings along the lines we have indicated is evidenced by his having included in his order provision for the plaintiffs to have separate representation at the arbitration and a voice in choosing the arbitrator. However, this arrangement fails to cure the defects, since the plaintiffs would still be aligned on the side of their adversary the union or, if not, the order would have to be construed as forcing the plaintiffs to arbitrate issues with employer and union which neither they nor their decedent ever agreed to arbitrate.
 
 
 6
 The plaintiffs' right to sue on the claim on which they seek recovery cannot be defeated by relegating them to an arbitration to which they have not agreed.
 
 
 7
 Reversed.