AMERICAN AIRLINES, INC., Plaintiff,

v.

TRANSPORT WORKERS UNION OF AMERICA, INTERNATIONAL, AFL–CIO et al., Defendants.

No. 67–C–223.

United States District Court
N. D. Oklahoma.

Jan. 24, 1968.

**48**

Loyd Benefield, Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for plaintiff.

Maynard I. Ungerman, Ungerman, Grabel, Ungerman & Leiter, Tulsa, Okl., for defendants.

### ORDER OVERRULING MOTION TO VACATE PRELIMINARY INJUNCTION

DAUGHERTY, District Judge.

The Defendants have moved to vacate the preliminary injunction issued in this case on November 22, 1967, on the sole ground that the Defendants are improper parties and thus the Court has no jurisdiction over them.

The Defendants joined in this action are the International Union, the President and Vice-President of Local Union No. 514, and the International Representative. The officers are named individually as well as in their official capacities, and all are named as representatives of classes of union members which comprise the entire union membership of Local No. 514.

At the hearing on the preliminary injunction, evidence was presented tending to show that the Unions and officers named above in no way authorized or aided in the walkout of nearly the entire Local Union membership starting on November 16, 1967. The parties stipulated that the walkout involves a minor dispute, that is, a dispute concerning the interpretation of an existing and binding labor contract between the parties, and that this minor dispute is within the provisions of the Railway Labor Act, 45 U.S.C. § 151 et seq.

Plaintiff has invoked Rule 23(a) of the Federal Rules of Civil Procedure, relating to suits by or against a class. The Rule requires (1) a numerous class, (2) common question of law or fact, (3) representative parties' claims or defenses typical of those of the class, and (4) representative parties who will protect interests of the class. In all four respects, the conditions of this Rule are satisfied in the instant case. The membership of Local No. 514 amounts to about 3,600 persons, nearly all of which participated in the walkout. The Union's officers are members of the class; they share in common with the class any claim or defense it has. As the officers of the Union act for the entire membership in many matters, including negotiating collective bargaining contracts which inure to the benefit of all the members, they would be remiss in their duties if they were unable to protect the interests of the class which they represent, in other matters involving the Union.

The Court has found several cases in which a class action was permitted against the officers of a union as representatives of the class formed by the union membership. Tunstall v. Brotherhood of Locomotive F. and E., 148 F.2d 403 (Fourth Cir.–1945), reversed on other grounds, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187, cert. den. 332 U.S. 841, 68 S.Ct. 262, 92 L.Ed. 413; Brotherhood of Railroad Carmen, etc. v. Chicago & N. W. Ry. Co., 354 F.2d 786 (Eighth Cir.–1965); Long Island Rail Road Company v. System Federation No. 156, 368 F.2d 50 (Second Cir.–1966); Salvant v. Louisville & N. R. Co., 83 F.Supp. 391 (W.D.Ky.1949); Griffin v. Illinois Cent. R. Co., 88 F.Supp. 552 (N.D.Ill.1949); Fitzgerald v. Dillon, 92 F.Supp. 681 (E.D. N.Y.–1950); Ketcher v. Sheet Metal Workers' International Ass'n, 115 F. Supp. 802 (E.D.Ark.–1953); Carolina Casualty Insurance Co. v. Local No. 612,

etc., 136 F.Supp. 941 (N.D.Ala.–1956); Railway Express Agency, Inc. v. Empire City Lodge 2035, 264 F.Supp. 241 (S.D. N.Y.–1967). Defendants' claim that this action against them as representatives of a class is improper is entirely without merit.

Although the Defendants' Motion does not raise the question of this Court's jurisdiction to issue an injunction in view of the prohibition of the Norris-La Guardia Act, 29 U.S.C. § 101 et seq., the cases are quite clear that under circumstances that are here present, i. e., minor dispute in an industry covered by the Railway Labor Act, 45 U.S.C. § 151 et seq., injunction is proper. Brotherhood of R. T. v. Chicago R. & I. R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1959).

The Defendants' Motion to Vacate Preliminary Injunction is overruled.