Luisa M. TEXIDOR et al., Plaintiffs,
Appellants,

v.

James CERESA et al., Defendants,
Appellees.

No. 78–1058.

United States Court of Appeals,
First Circuit.

Submitted Sept. 7, 1978.

Decided Dec. 27, 1978.

Pedro J. Varela, Hato Rey, P. R., on brief, for plaintiffs, appellants.

Laurence R. Arnold, Michael H. Campbell, Ford, Harrison, Sullivan & Lowry, Atlanta, Ga., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, KUNZIG,* Judge, U. S. Court of Claims, and DUMBAULD,** Senior District Judge.

COFFIN, Chief Judge.

This case arises out of a representation dispute between the Allied Services Division of the Brotherhood of Railway and Airline Clerks (BRAC) and the Union Independiente de Trabajadores del Aeropuerto (UITA). BRAC is the bargaining representative, certified by the National Mediation Board (NMB), of certain employees of Puerto Rico International Airlines, Inc. (PRINAIR). UITA seeks to replace BRAC. We are called upon to decide the scope of the exclusive jurisdiction of the NMB to hear charges brought by UITA and its supporters that BRAC and PRINAIR have tainted the representation dispute by the use of "interference, influence, [and] coercion" in violation of section 2 Third of the Railway Labor Act (RLA). 45 U.S.C. § 152 Third.

When negotiations for a new collective bargaining agreement were about to commence in 1977, UITA filed an application for investigation of representation dispute with the NBM. While the investigation was pending, BRAC began negotiations with PRINAIR. UITA and the employees supporting its cause brought suit in federal court in Puerto Rico to enjoin the negotiations pending resolution of the NMB investigation. The district court dismissed the suit for lack of subject matter jurisdiction, holding that the NMB had exclusive jurisdiction. No appeal was filed.

Upon learning that BRAC had reached agreement with PRINAIR prior to the resolution of the first lawsuit, UITA and individual employees[1] filed the instant suit alleging, inter alia, that the agreement was reached as a result of an illegal conspiracy between BRAC and PRINAIR. Plaintiffs claimed that the certified union and the employer conspired to deprive UITA and its employee supporters of their rights to freely choose and be chosen as bargaining representatives without influence or coercion. RLA § 2 Third, 45 U.S.C. § 152 Third. The complaint also alleged that the secret negotiations violated the employees' right to participate on the BRAC negotiating committee. The complaint sought damages, an injunction against execution of the collective bargaining agreement and against further violations of the RLA, decertification of BRAC, and an order directing that an election be held.

After pointing out that the NMB had dismissed the representation dispute investigation for lack of employee interest, the district court dismissed the suit for lack of subject matter jurisdiction. We affirm on the grounds that the federal courts lack jurisdiction to hear most portions of the complaint and that appellants failed to

---

* Sitting by designation.

** Of the Western District of Pennsylvania, sitting by designation.

1. Many of the parties to the instant appeal, including most of the individual employees, are the same as those involved in the first action.

Because the identity of all of the plaintiffs in the first lawsuit does not appear in the record before us and because appellee has made no argument concerning the first lawsuit, we express no opinion about the possible res judicata effect thereof.

state a claim upon which relief could be granted in the portion of the complaint over which we might arguably have jurisdiction.

▮ As an initial matter we note that most of the relief requested below cannot be granted by a federal court. Only the NMB can certify or decertify a union. *Switchmen's Union v. National Mediation Board,* 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943). Only the NMB can hold an election. *Id.* RLA § 2 Ninth, 45 U.S.C. § 152 Ninth. Moreover, an order enjoining the execution of a collective bargaining agreement in this context would be tantamount to a reversal of the NMB's certification of BRAC and dismissal of UITA's representation petition. *See Order of Railway Conductors v. Pennsylvania R. R. Co.,* 323 U.S. 166, 65 S.Ct. 222, 89 L.Ed. 154 (1944). Thus, we consider only appellants' claim for relief from illegal coercion by BRAC and PRINAIR.

▮ We agree with the district court that the jurisdiction of the federal courts to hear complaints of coercion affecting representation disputes under section 2 Third of the RLA is extremely limited. Like the district court, we are persuaded by the careful research and analysis of *Aircraft Mechanics Fraternal Ass'n v. United Airlines,* 406 F.Supp. 492 (N.D.Cal.1976). *Aircraft Mechanics* dealt with a rival union's challenge to continued contract negotiation by the certified union during the pendency of a representation dispute investigation. We agree with the holding of *Aircraft Mechanics* that the implied grant of judicial jurisdiction under section 2 Third should be limited to the kind of coercion and outrageous company unionism involved in *Texas & N. O. Ry. Co. v. Brotherhood of Ry. & S. S. Clerks,* 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034 (1929), the case which first announced that such jurisdiction existed.[2] Negotiating and signing a collective bargaining agreement are not, in and of themselves, the kind of coercion envisioned by section 2 Third.

▮ We think this limited view of the scope of *Texas & N. O. Ry. Co., supra,* is compelled by the Court's holding in *Switchmen's Union v. National Mediation Board,* 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943), that the NMB has exclusive jurisdiction over representation disputes. *Switchmen's Union* involved a disagreement over the appropriate bargaining unit for a particular craft and not a problem of employer coercion effected through a company union.[3] Nevertheless, we think it defines the appropriate scope of section 2 Third jurisdiction. *Switchmen's Union* tells us that matters central to the function of the NMB should be left to the exclusive jurisdiction of the NMB. Section 2 Ninth entrusts to the NMB the resolution of representation disputes in a manner that insures against coercion. UITA was free to present to the NMB its charges that the negotiation of a

---

**2.** The history of section 2 Third jurisdiction deserves some elaboration. *Texas & N. O. Ry. Co., supra,* was decided prior to the creation of the NMB. In that case, the Supreme Court reasoned that the right of employees to choose a representative without coercion by an employer, granted by section 2 Third, would be meaningless without an effective method of enforcement. Therefore the Court found an implied grant of federal court jurisdiction to enforce section 2 Third. The 1934 amendments to the RLA created the NMB and gave it the power, in section 2 Ninth, to supervise disputes between employees concerning the identity of the appropriate bargaining representative. Under section 2 Ninth, the NMB has the power to hold elections and insure against coercion by an employer.

In *Switchmen's Union v. National Mediation Board,* 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943), the unsuccessful union in a representa-

tion dispute concerning the appropriate bargaining unit for a particular craft sought to invoke an implied grant of federal court jurisdiction under section 2 Fourth to obtain review of the NMB's resolution of the dispute. Section 2 Fourth grants employees the right to choose a representative by majority vote without employer coercion. The Court held that the NMB's power to supervise representation disputes under section 2 Ninth vitiated the need to imply a grant of judicial jurisdiction to enforce the provisions of section 2 Fourth. Because the provisions of section 2 Fourth and section 2 Third, along with the NMB's power to enforce those provisions, are quite similar, *Switchmen's Union* left in doubt the continued need to find a grant of judicial jurisdiction to enforce section 2 Third.

**3.** The specific provision involved was section 2 Fourth.

new collective bargaining agreement by PRINAIR and BRAC illegally interfered with employee free choice. Although the NMB simply dismissed the case because the employees had expressed inadequate interest in UITA, we think it within the NMB's discretion and indeed central to its role in settling representation disputes to decide what level of employee interest in a rival union will cause it to give cognizance to charges·of illegal coercion.[4] When the alleged illegal act involved is a certified union's negotiation and signing of a collective bargaining agreement, we will not substitute our judgment for the NMB's right to decide that the need for *some* representative and *some* agreement that avoids interruption of transportation outweighs the need to avoid possible undue influence. *See Ruby v. American Airlines, Inc.,* 323 F.2d 248, 254–55 (2d Cir. 1963).

■ Appellants add a unique twist to their claim of illegal interference and coercion by arguing, principally on appeal, that BRAC's activities amount to a breach of the duty of fair representation.[5] To buttress this claim, only the individual employees and not UITA have appealed from the district court's judgment. Although as a general matter we do have jurisdiction over such a claim, *Tunstall v. Brotherhood of Locomotive Firemen,* 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944), we think that, absent special circumstances, the exclusive jurisdiction of the NMB cannot be avoided by such a bootstrap argument. This is not a case of a union, acting in concert with or on behalf of an employer, refusing to give union-administered benefits to supporters of a rival union. If it were, section 2 Third jurisdiction might well apply, in addition to our jurisdiction under *Tunstall, supra,* to supervise the union-employee relationship. Nowhere in their complaint do appellants mention the kind of discriminatory treat-

ment of some members of a union that usually lies at the heart of a fair representation claim. *See Augspurger v. Brotherhood of Locomotive Engineers,* 510 F.2d 853, 858–59 (8th Cir. 1975). The only discriminatory animus, as opposed to treatment, alleged is BRAC's supposed desire to deprive its members who support UITA of the right to choose a representative. We think it an impermissible bootstrap to avoid the NMB's exclusive jurisdiction by arguing that the signing of the agreement caused the lack of employee interest which resulted in denial of UITA certification, all of which allegedly stemmed from the union's discriminatory animus towards disgruntled members. To the extent that the fair representation claim alleges injury through lack of certification of UITA, it is within the exclusive jurisdiction of the NMB.

■ Nor can we find in the complaint any allegation of any other legally cognizable injury. Absent a BRAC rule, not here alleged, requiring employee participation in negotiations, BRAC members had no statutory right to participate. *McMullans v. Kansas, Oklahoma & Gulf Ry. Co.,* 229 F.2d 50, 56 (10th Cir. 1956). The only other possible injury we can imagine would be detrimental terms in the new agreement. No such terms are alleged. Nor are we certain that terms applicable to all members of the union can give rise to a fair representation suit. *See Fogg v. Randolph,* 244 F.Supp. 885 (S.D.N.Y.1962). Because no legally cognizable injury is alleged, the fair representation argument fails to state a claim upon which relief may be granted.

*Affirmed.*

---

4. *See* 29 C.F.R. § 1206.2(a) (50% interest in rival union required). Our conclusions about the scope of the exclusive jurisdiction of the NMB are supported by the fact that the Board has recently held an election of PRINAIR employees and is presently exercising its supervisory powers over the conduct of that election.

5. We note that the district court did not address the fair representation claim. This is understandable given the mere passing reference to the right of fair representation in the complaint and the complete absence of the usual references to arbitrary and discriminatory union conduct usually included in such a claim.