**George Darrell STAGGS, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., et al., Defendants.**

No. 82 C 4658.

United States District Court,
N.D. Illinois, E.D.

May 13, 1984.

Anthony Intini, III, Intini & Assoc., Chicago, Ill., for plaintiff.

Joseph J. Hasman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Northwest Airlines, Inc.

Sheldon Charone, David Mathews, Carmell, Charone & Widmen, Chicago, Ill., for International Association of Machinists and Aerospace Workers, District Lodge No. 143.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, George Darrell Staggs ("Staggs"), has brought this action against his former employer, Northwest Airlines, Inc. ("Northwest"), and his former union, International Association of Machinists and Aerospace Workers, District Lodge No. 143 ("IAM"), pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.* ("section 151"). Staggs alleges that IAM breached its duty of fair representation and that Northwest breached his rights under the collective bargaining agreement in wrongfully discharging him from its employ. In addition to money damages, Staggs is seeking a declaratory judgment invalidating an arbitration award by the Northwest Airlines International Association of Machinists and Aerospace Workers System Board of Adjustment ("the Board"). Currently pending are motions to dismiss filed by IAM and Northwest, respectively.[1]

### I. *Factual Background.*

Plaintiff Staggs was initially employed by Northwest at its O'Hare Airport facility on December 10, 1976. On July 27, 1981, Staggs was discharged for being absent without leave for a portion of his shift on the night of July 22, 1981; for attempting to falsify company records on that same night; and for reporting to work that night under the influence of alcohol. After exhausting grievance procedures, Staggs appealed his discharge to the Board. The Board held a hearing on September 30, 1981, and issued its decision on November 13, 1981. It concluded that just cause did not exist for the first two grounds of Staggs' discharge, but that the discharge was nevertheless valid on the basis of his reporting to work under the influence of alcohol.

### II. *The Complaint.*

The complaint in this action was filed on July 27, 1982. In Count I, Staggs alleges that Northwest violated his rights under the collective bargaining agreement ("the agreement") by depriving him of the opportunity to fully present his case to the Board and to obtain a full and fair hearing. Staggs contends that Northwest failed to afford him the same treatment it provided Paul Borne ("Borne"), another Northwest employee, who was suspended but not terminated for reporting to work under the influence of alcohol on July 22, 1981—the same circumstances which prompted his

---

**1.** As will be discussed in Part IV, *infra,* since matters outside the pleadings have been presented to and not excluded by the court, IAM's motion will be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b)(6).

termination. Northwest and IAM apparently entered into a settlement regarding Borne's discipline, pursuant to which it was determined that any discipline imposed on him would be inadmissible at any Board hearing. It was also agreed that the settlement would have no precedential value for the handling of other similar matters. Staggs alleges that he was never informed or advised of this settlement or the terms thereof. He concludes that Northwest and IAM conspired to deprive him of a full and fair hearing, and requests backpay and punitive damages in the amount of $1,000,-000.00.

In Count II, Staggs claims that IAM violated its duty of fair representation in a variety of ways. First, he alleges that although he was promised that an attorney would represent him at the Board hearing, IAM never provided an attorney nor did it inform him that one would not be provided. Because of this lack of notice, Staggs contends he was unable to avail himself of his own legal representative. Second, Staggs notes that he met his appointed representative only one hour before the Board hearing, which restricted their preparation time. Third, Staggs charges that his rights were abridged by an instruction from IAM that he avoid mentioning the Borne incident, and by a warning that his doing so would result in a termination of the hearing. Staggs concludes that "the conspiratorial acts of the Defendant-Union deprived ... [him] of fair representation during the entire course of his grievance and arbitration proceedings." (Count II, ¶ 34), and requests backpay and punitive damages.

In Count III, Staggs seeks a declaratory judgment invalidating the Board's award. He contends, in part, that the Board exceeded its authority and jurisdiction, that its findings were arbitrary and capricious,

that its findings are invalid because IAM breached its duty of fair representation and that its failure to consider prior disciplinary actions for similar offenses denied him a fair hearing. Staggs requests that the court order his reinstatement, order a new hearing on his discharge and declare the rights and liabilities of the parties under the agreement.

III. *Jurisdiction as to the Claim Against the Union.*

It is necessary as an initial matter to determine the basis upon which the court may exercise jurisdiction over Staggs' unfair representation claim against IAM. While the duty of fair representation is usually discussed in terms of section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, that section does not apply to parties subject to the RLA. *See* 29 U.S.C. §§ 152(2), (3). The duty of fair representation, however, is not restricted to LMRA cases. Indeed, it was first recognized in *Steele v. Louisville & Nashville Railroad Co.*, 323 U.S. 192, 199, 204, 65 S.Ct. 226, 230, 233, 89 L.Ed. 173 (1944), where the Supreme Court held that the RLA imposes on the union a duty independent of the terms of the collective bargaining agreement to represent all members of the bargaining unit fairly. Federal court jurisdiction over a suit such as the instant one is thus clearly granted under 28 U.S.C. § 1337 [2] since it is one "arising under a law regulating commerce of which the federal courts are given jurisdiction ...." *Tunstall v. Brotherhood of Locomotive Firemen and Enginemen*, 323 U.S. 210, 213, 65 S.Ct. 235, 237, 89 L.Ed. 187 (1944) (citations omitted). *See also Graf v. Elgin, Joliet and Eastern Railway Co.*, 697 F.2d 771, 774–75 (7th Cir.1983).[3]

---

**2.** 28 U.S.C. § 1337 provides:
 "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

**3.** Also relevant to this determination is the Supreme Court's statement in *Czosek v. O'Mara,*

397 U.S. 25, 28, 90 S.Ct. 770, 772, 25 L.Ed.2d 21 (1970):
 "The claim against the union defendants for the breach of their duty of fair representation is a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act to pursue their employer before the Adjustment Board."

## IV. *Statute of Limitations.*

The sole argument set forth by IAM in support of its motion to dismiss is that Staggs' claim is time-barred by Illinois' 90-day statute of limitations governing actions to vacate arbitration awards,[4] or alternatively, by the 6-month limitation in section 10(b) of the National Labor Relations Act ("NLRA"), which governs unfair labor practice claims before the NLRB.[5] IAM relies on *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), where the Supreme Court adopted New York's 90-day limitations rule governing suits to vacate arbitration awards as the appropriate measure of the timeliness of an employee's claim against his former employer for wrongful discharge, as well as *Hall v. Printing and Graphic Arts Union, Local #3*, 696 F.2d 494 (7th Cir.1982) (discussing and applying *Mitchell*) and *Conley v. Dominick's Finer Foods, Inc.*, No. 82 C 5108 (N.D.Ill. Feb. 7, 1983) (same).

Staggs vigorously objects to IAM's reliance on *Mitchell*. First, he rejects IAM's characterization of his suit as one in the nature of an action to vacate an arbitration award, arguing that it instead should be characterized as either a suit on a written contract, a suit on an oral contract or a suit for malpractice. As a result, he contends that the appropriate statute of limitations is ten years, Ill.Rev.Stat. ch. 110, § 13–206, five years, Ill.Rev.Stat. ch. 110, § 13–205, or two years, Ill.Rev.Stat. ch. 110, § 13–212, respectively. Second, Staggs claims that even if the Illinois 90-day limitation period applies, IAM should be estopped from asserting it as a defense because the union failed to comply with the statutory requirements. Specifically, he contends that he never received a copy of the Board's decision, and thus was not properly notified. Third, Staggs contends that the 6-month limitation in section 10(b) does not apply to this suit because that limitations period is restricted to use in unfair labor practice claims. Finally, he contends that even if section 10(b) is applicable, his suit is not time-barred because he was not properly informed of the Board's decision.

The RLA itself does not contain a statute of limitations, and thus it is necessary to determine to what law or doctrine a court must resort in arriving at the relevant period. While decisions such as *Mitchell*, *Hall* and *Conley* all arise under section 301 of the LMRA, 29 U.S.C. § 185, which, as noted above, does not apply to parties subject to the RLA, the court finds their reasoning highly relevant to the case at bar. *Mitchell* and *Hall* instruct a federal district court to measure the timeliness of a suit against an employer to review an arbitration award —which, in effect, is the essence of this action—by relatively short limitations periods contained in analogous legislation and not by the long periods advocated by Staggs. *See Mitchell*, 451 U.S. at 63, 101 S.Ct. at 1564; *Hall*, 696 F.2d at 498–99. Indeed, two courts which have recently examined the statute of limitations question in cases brought pursuant to the RLA have found *Mitchell* directly applicable. *See Singer v. Flying Tiger Line Inc.*, 652 F.2d 1349, 1353 (9th Cir.1981);[6] *Niehold v. Air*

---

**4.** Section 12(b) of the Illinois Uniform Arbitration Act provides as follows:

"An application [to vacate an arbitration award] under this Section shall be made within 90 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known."

Ill.Rev.Stat. ch. 10, § 112(b).

**5.** Section 10(b) provides as follows:

"[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the [National Labor Relations] Board and the service of a copy thereof upon the person against whom such charge is made, ..."

29 U.S.C. § 160(b)

**6.** The court in *Singer*, while concluding that the reasoning of *Mitchell* would apply to a suit brought under the RLA, did not apply that reasoning in the case before it, since the issue had not been raised in the district court and since the court found that *Mitchell* should not be applied retroactively. *Singer*, 652 F.2d at 1353 (relying on *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)).

*California, Inc.,* 110 LRRM 3285, 3286 (C.D.Calif.1982).

■ Finding that, at least for purposes of choosing a limitations rule, the instant unfair representation claim is analogous to an unfair labor practice claim under the NLRA, and that a relatively short period better serves federal labor policy than the longer periods suggested by Staggs, the court will apply the 6-month limitations rule of section 10(b) of the NLRA to the case at bar.[7]

This conclusion does not resolve the question of whether Staggs' claim against IAM is time-barred, however, for there exists a sharp factual dispute as to whether plaintiff was ever notified of the Board's decision. In an affidavit filed in support of IAM's motion, Ronald Anderson ("Anderson"), General Chairman of IAM Local No. 143, states that he contacted Staggs on November 19, 1981, and told him that his discharge had been upheld. He also states as follows:

"I told him if he wanted a copy of the award and a copy of the transcript I would be glad to send him copies. To date, I have not received a request from Staggs for either a copy of the award or the transcript."

In addition to Anderson's affidavit, IAM also relies on certain statements from Staggs' deposition to the effect that plaintiff knew sometime in 1981 that he would not be returning to Northwest's employ. The court notes, for example, the following interchange:

"Q: Did you know by Christmas of '81 that there was no way that you were coming back to Northwest Airlines?

"A: I think I knew by then. I'm not sure."

Staggs' version of events in late 1981 differs sharply from the version advocated by IAM. He contends in an affidavit that Anderson never notified him that the Board had sustained his discharge, and that IAM made no effort to contact him concerning the Board's decision. Staggs also states that he did not receive a copy of the Board's decision prior to filing the instant complaint.

■ The court is thus presented here with two highly contradictory recitations of the facts which make it impossible to grant summary judgment under Rule 56(c). Resolution of this factual dispute would, of course, enable the court to determine whether Staggs' claim against the union is time-barred and, depending on which party's version is found to be accurate, could put an end to much of this litigation. For example, if the fair representation claim is indeed found to be time-barred and, accordingly, the union is dismissed from this suit, the breach of contract claim against Northwest set forth in Count I would also be dismissed. This result would be mandated because unless the union is found to have breached its duty of fair representation (a finding which would obviously be precluded if IAM is dismissed on the ground that Stagg's claim against it is time-barred), a worker may not sue in court for breach of a collective bargaining contract; the RLA confines him to arbitration and to the narrow judicial review of arbitration which the Act provides. *See Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *De La Rosa Sanchez v. Eastern Airlines, Inc.,* 574 F.2d 29 (1st Cir.1978); *Adams v. United Airlines, Inc.,* 578 F.Supp. 26 (N.D.Ill. 1983). If, on the other hand, Staggs' fair representation claim is not found to be time-barred, it may be necessary to examine the merits of his claim against IAM. Resolution of that issue, in turn, would again affect the status of Count I.

Under these circumstances, the court finds it appropriate to deny IAM's motion without prejudice and order a limited evidentiary hearing on the statute of limitations issue before resolving the many is-

---

**7.** This does not mean, of course, that the NLRA applies in all respects or by all of its terms to actions to review arbitration awards under the RLA. Rather, the court is simply holding that, for purposes of adopting a limitations rule in RLA cases where an unfair representation claim is asserted against a union, it is appropriate to look to analogous federal labor legislation.

sues raised by Northwest in its motion and before proceeding to a full trial on the merits. Northwest's motion will therefore be stayed, and once there are conclusive findings on the limitations issue, it will be free to renew its motion to dismiss. *See Gordon v. National Youth Work Alliance,* 675 F.2d 356, 360–61 n. 3 (D.C.Cir. 1982) (preliminary hearing on statute of limitations issue); *Nardone v. Reynolds,* 538 F.2d 1131, 1137–38 (5th Cir.1976), *reh. denied,* 546 F.2d 906 (5th Cir.1977) (same); *The Seven-Up Co. v. O-So Grape Co.,* 177 F.Supp. 91, 93 (S.D.Ill.1959), *aff'd,* 283 F.2d 103 (7th Cir.1960), *cert. denied,* 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961) (preliminary hearing on issue of laches).

### V. *Conclusion.*

For the reasons stated above, IAM's motion for summary judgment with regard to Count II of Staggs' complaint is denied without prejudice. The parties are ordered to appear on Wednesday, June 1, 1983, at 10:00 A.M., to schedule a preliminary hearing on the statute of limitations issue. Northwest's motion is stayed pending resolution of the limitations issue, at which time it will be free to renew its motion to dismiss.