**James M. LEWIS, Plaintiff,**

v.

**Millard W. SHUBERT et al., Defendants.**

**Kenneth E. GREER, Plaintiff,**

v.

**Millard W. SHUBERT et al., Defendants.**

**Civ. A. Nos. 16249–3, 16250–3.**

United States District Court
W. D. Missouri, W. D.

May 12, 1969.

John B. Moritz, Kansas City, Mo., for plaintiffs.

Sherman L. Gibson, Hogsett, Shaffer, Rooker & Gibson, Kansas City, Mo., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

BECKER, Chief Judge.

Each plaintiff in the above two cases which have been consolidated for pretrial purposes originally filed a "petition for damages" in the Circuit Court of Jackson County against the named defendants, who are the officers of Local No. 4803 of the United Steelworkers of America, AFL–CIO, as a "class action against the members of [the] United Steel Workers of America, AFL–CIO and said Kansas City Local Number 4803, its local branch." The cases were later removed to this Court.[1] The petition (the state equivalent of a federal court complaint for damages) stated that, under the contract between defendant union and plaintiff's employer, provision was made for a grievance procedure which included four steps, and, further, "that if the difference was not settled by the third step," it might be referred to arbitration in the following manner:

"Either party shall have the right to refer the grievance to arbitration, and written notice of desire to submit to arbitration shall be given to the other party within five regular work days after the company gives its answer. Upon receipt of such notice, the parties hereto will promptly meet for the purpose of selecting an arbitrator. In the event the parties are unable to agree upon the selection of an arbitrator, within five regular work days the federal mediation and conciliation service shall be requested by them to furnish a list of five arbitrators from which the parties shall select one arbitrator. Such selection shall be by agreement if possible, otherwise, by the parties hereto alternately striking the unwanted arbitrators from the list. After each party has eliminated the name of two arbitrators from said list, the remaining one shall be accepted by both parties as the arbitrator to hear and decide the pending case.

"While the arbitrator is being selected, the parties will meet for the pur-

---

1. A potential preliminary question of whether a federal court would have jurisdiction of a case of this sort has recently been resolved by Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed. 2d 842. At page 177 of 386 U.S., at page 910 of 87 S.Ct., at page 850 of 17 L.Ed.2d, the Supreme Court said that a "breach by the Union of a duty grounded in federal statutes [as the duty of fair representation is here defined to be]" is governed by federal law. Later, in the opinion it is held that § 301 of the LMRA does not provide for preemption by the NLRB of state or federal court jurisdiction.

pose of preparing and signing a submission of the issue to be arbitrated, which will include a statement of the grievance.

"The decision of the arbitrator shall be final and binding upon all parties to the dispute."

Each plaintiff alleged that the employer breached the collective bargaining contract by wrongfully discharging and suspending plaintiff, by laying plaintiff off out of turn, by refusing to call him back in accordance with his established seniority as provided in said contract, and by wrongfully refusing to continue his employment by falsely and wrongfully asserting that he was guilty of fraud and deceit. As a result, it is alleged that each plaintiff was damaged in loss of wages of $6,000 per year and $10,000 in profit-sharing interest; and that defendant herein, in spite of each plaintiff's request that the union submit his grievance through all steps called for by the master agreement, "arbitrarily, capriciously and without just or reasonable reason or cause refused to carry his grievance through the fourth step" and maliciously concealed said refusal to so submit his grievance, by reason of which each plaintiff prayed for damages against the union.

The cause was removed to this Court by defendants' "petition for removal" filed November 15, 1966, which alleged that "the complaint raises a Federal question which could have originally been brought in Federal court under the provisions of 28 USC, Section 1331."

■ Plaintiff has filed a brief opposing the jurisdiction of the federal court in this case. The federal removal statute, Section 1441, Title 28, U.S.C., however, provides for the removability of:

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States * * * without regard to the citizenship or residence of the parties."

■ That a suit against a union for not fairly representing a member is a claim arising under federal statutes was conclusively established in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, where the court stated:

"The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act * * * and was soon extended to unions certified under the N.L.R.A. * * *. Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. * * * It is obvious that Owens' complaint alleged a breach by the Union of a duty grounded in federal statutes, and that federal law therefore governs his cause of action. E. g., Ford Motor Co. v. Huffman [345 U.S. 330, 73 S. Ct. 681, 97 L.Ed. 1048]." 386 U.S. 171, l. c. 177, 87 S.Ct. 903, l. c. 910, 17 L. Ed.2d 842, l. c. 850.

Further, the same case determined that such cases as this do not come within the exclusive primary jurisdiction of the National Labor Relations Board:

"[T]he decision to pre-empt federal and state court jurisdiction over a given class of cases must depend upon the nature of the particular interests being asserted and the effect upon the administration of national labor policies of concurrent judicial and administrative remedies.

"A primary justification for the pre-emption doctrine—the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by Congress for that purpose—is not applicable to cases in-

volving alleged breaches of the union's duty of fair representation." 386 U.S. 171, l. c. 180, 181, 87 S.Ct. 903, l. c. 911, 912, 17 L.Ed.2d 842, l. c. 852.

Defendants, now, however, by their motion of February 24, 1969, move to dismiss on the grounds that, under the decision in Vaca v. Sipes, *supra*, plaintiff's employer, is an indispensable party within the meaning of Rule 19, F. R.Civ.P., who "cannot be made a party hereto."

Rule 19 reads as follows:

"*Joinder of Persons Needed for Just Adjudication*

"(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring doubt, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"(b) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed,

the absent person being thus regarded as indispensible. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

"(c) *Pleading Reasons for Nonjoinder.* A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a) (1)–(2) hereof who are not joined, and the reasons why they are not joined.

"(d) *Exception of Class Actions.* This rule is subject to the provisions of Rule 23."

Defendant relies upon the same recent Supreme Court decision, Vaca v. Sipes, *supra*, for its contention that the employer is an indispensable party in the case at bar. There, as here, the plaintiff employee sued the union for its failure and refusal to take the grievance against the employer (breach of the collective bargaining contract by wrongful termination of employment) to arbitration. The plaintiff alleged that the Union had "arbitrarily, capriciously and without just or reasonable reason or cause" refused to take his grievance with the employer to arbitration under the fifth step of the bargaining agreement's grievance procedure. The Supreme Court held in that case that, when the union processed the grievance into the fourth step, tried to gather sufficient evidence to prove plaintiff's grievance, tried to obtain less strenuous work for him, and tried to have him rehabilitated, and only upon the failure of these efforts concluded that further pursuit of the complaint would be fruitless, there was no breach of the duty of fair rep-

resentation. In this case, however, it is alleged that there was a wilful and arbitrary breach of the duty of fair representation and a malicious concealment thereof. On this point defendant relies on the following language in Vaca v. Sipes:

"In our opinion, there is another important reason why the judgment of the Missouri Supreme Court cannot stand. Owens' suit against the Union was grounded on his claim that Swift had discharged him in violation of the applicable collective bargaining agreement. * * * We hold that * * * damages are not recoverable from the Union in the circumstances of this case. * * * In this case, the employee's complaint was that the Union wrongfully failed to afford him the arbitration remedy against his employer established by the collective bargaining agreement. But the damages sought by Owens were primarily those suffered because of the employer's alleged breach of contract. Assuming for the moment that Owens had been wrongfully discharged, Swift's only defense to a direct action for breach of contract would have been the Union's failure to resort to arbitration * * * and if that failure was itself a violation of the Union's statutory duty to the employee, there is no reason to exempt the employer from contractual damages which he would otherwise have had to pay. * * * "

The *Vaca* opinion, however, nowhere states that the employer is an indispensable party. It only states that "the employer may be (and probably should be) joined as a defendant in the fair representation suit", 386 U.S. l. c. 197, 87 S.Ct. l. c. 920, 17 L.Ed.2d, l. c. 862, and that "[t]he appropriate remedy for a breach of a union's duty of fair representation

must vary with the circumstances of the particular breach." 386 U.S. l. c. 195, 87 S.Ct. l. c. 919, 17 L.Ed.2d, l. c. 861. Further, in this case, as was not the case in *Vaca*, it is alleged that all or part of the damages incurred by plaintiff is due to the union's failure fairly to represent plaintiff. It is even conceivable that in this case, in which plaintiff alleges among other things that he was not timely reinstated in his employment, that the union could be almost wholly responsible for the damages found to be suffered for its failure promptly and zealously to call the employer's attention by means of timely arbitration to its erroneous failure to reinstate plaintiff. As the court in *Vaca* held, "In some cases, for example, at least part of the employee's damages may be attributable to the union's breach of duty * * * ." 386 U.S. 171, l. c. 196, 87 S.Ct. 903, l. c. 920, 17 L.Ed.2d 842, l. c. 861. In such a case, the litigation would not inevitably adjudicate any alleged fault of the employer (as, for instance, where the non-reinstatement was the result of inadvertence). For these reasons, the motion of defendant to dismiss is not compelling if the allegations of the complaint here are taken in the light most favorable to the plaintiff.

Further, even if it can be assumed that the employer, Vendo Company, is an indispenable party defendant in this cause, it does not appear that the joinder of such employer in this cause would destroy jurisdiction, or that it otherwise is unamenable to service in this district. Neither defendant's motion nor its suggestions in support thereof state facts to indicate that the alleged indispensable party cannot be joined in this action, if such joinder is requested.

For the foregoing reasons, it is

Ordered that defendants' motion to dismiss be, and it is hereby, denied.