**NASSAU COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION and County of Nassau, Appellees,**

v.

**The COST OF LIVING COUNCIL OF the UNITED STATES of America, Appellant.**

No. 2–20.

Temporary Emergency Court of Appeals,
June 28, 1974.

Thomas M. Lamberti, Cullen & Dykman, Garden City, N. Y., for appellant Nassau County Village Officials Assn.

Richard Hartman, Mineola, N. Y., for appellee Nassau County Patrolmen's Benevolent Assn.

Before HASTIE, ANDERSON and JOHNSON, Judges.

PER CURIAM:

This is an appeal from the denial by the United States District Court for the Eastern District of New York of a motion by The Nassau County Village Officials Association (NCVOA) to intervene as a party, pursuant to Rule 24 of the F.R.Civ.P., in two actions in the district court, both entitled "The County of Nassau and The Nassau County Patrolmen's Benevolent Association v. The Cost of Living Council and The United States" and docketed in the district court as Nos. 74C–248 and 74C–321.

The motion to intervene and the appeal from its denial were originally pursued in connection with several procedural motions and rulings by the district court in these cases which generated five appeals to this court (T.E.C.A.) and which were docketed and consolidated in this court as Nos. 2–13, 2–14, 2–15, 2–17 and 2–19. The district court's rulings which were appealed have been reversed and vacated and the cases (district court docket number 74C618) have been remanded for a hearing and adjudication on the merits.

While the procedural issues have been disposed of, and there is no need for the petitioner to seek intervention as far as those issues are concerned, it may, however, desire to seek intervention in the district court before that court hears and adjudicates the case which has been remanded to it by order of this court in appeal number 2–19.

It is, therefore, ordered that the ruling of the district court on May 13, 1974, denying NCVOA's petition to intervene is vacated and set aside, and said motion is remanded to the district court to afford the NCVOA the opportunity to prove that it qualifies for or ought to be allowed to intervene and to receive a ruling on its motion prior to the hearing and adjudication of the case.