**Randolph J. MARTIN, Plaintiff,**

v.

**SCHWERMAN TRUCKING COMPANY and Teamsters "General" Local Union 200, Defendants.**

**No. 78–C–24.**

United States District Court, E. D. Wisconsin.

March 14, 1978.

Murray, Wagoner & Leonard by John Leonard, Milwaukee, Wis., for plaintiff.

James R. Ziperski, Milwaukee, Wis., for Schwerman Trucking.

Goldberg, Previant & Uelmen by Thomas Kennedy, Milwaukee, Wis., for Local 200.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Teamsters "General" Local Union 200 has filed a motion for reconsideration of my decision and order dated January 19, 1978, in which I determined that this action should be remanded to the Wisconsin Employment Relations Commission (WERC). The motion has been fully briefed. Upon reconsideration, I conclude that the action should not have been remanded to the WERC, and the decision and order dated January 19, 1978, will accordingly be vacated.

The plaintiff filed a complaint with the WERC, in which he alleged that the defendant union violated its duty of fair representation by "negligently and inadequately" representing him before a grievance committee. The plaintiff also asserted that he was terminated from his employment contrary to the provisions of a collective bargaining agreement.

This action was removed from the WERC to this court at the instance of the defendant union. The defendant employer subsequently indicated its concurrence in the removal. In a decision and order dated January 19, 1978, I ordered the action remanded to the WERC on the ground that, contrary to the provisions of 28 U.S.C. § 1441(a), the action was not at the time of removal a civil action pending before a state court, but rather was a proceeding pending before an administrative agency. Upon the union's motion for reconsideration, I believe that my prior decision to remand the action was in error.

Some federal courts have taken the view that § 1441(a) by its terms limits removal to civil actions pending before state *courts.* These federal courts have concluded that actions pending before state agencies are not removable under § 1441(a). *California Packing Corp. v. ILWU Local 142*, 253 F.Supp. 597, 599 (D.Hawaii 1966); see *County of Nassau v. Cost of Living Council*, 499 F.2d 1339, 1343 (Em.App. 1974). However, other federal courts have instead considered a number of factors in addition to the name of the tribunal from which the action was removed in determining whether removal from a state agency is appropriate under § 1441(a). *Volkswagen de Puerto Rico v. Puerto Rico Labor Relations Board*, 454 F.2d 38 (1st Cir. 1972); *Tool and Die Makers v. General Electric Co.*, 170 F.Supp. 945 (E.D. Wis. 1959). In addition to ascertaining whether the federal court has subject matter jurisdiction over the action, which is, of course, a prerequisite to proper removal, these courts have also considered the character of the proceedings conducted before the state agency and the law applicable to the claims raised in the complaint. This was done with a view to determining "the respective state and federal interests in the subject matter and in the provision of a forum." *Volkswagen de Puerto Rico*, supra, at 44.

The court of appeals for this circuit has expressly declined to consider whether the WERC is a state court within the meaning of the removal statute. *International Union of Operating Engineers v. Morse*, 529 F.2d 574, 577 n.1 (7th Cir. 1976). In *Morse*, the court observed that in the absence of objection by a party to removal of an action from the WERC to the federal district court, "any impropriety in [such] removal is waived," 529 F.2d at 577 n.1, which suggests that the propriety of such removal in this case should not have been questioned on the court's own motion. Although at the court's invitation, the plaintiff filed a brief in opposition to the union's motion for reconsideration, he did not, following removal, file a motion for remand. The recent brief in opposition may not be said to negate the prior waiver.

In my opinion, the flexible approach adopted by the *Tool and Die Makers* and *Volkswagen de Puerto Rico* cases is consistent with the intent of the removal statute and should be adopted here. Initially it appears that this court has subject matter jurisdiction over the plaintiff's claims for breach of a collective bargaining agreement and for violation of the union's duty of fair representation. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Although the WERC is a state agency, not a state court, it follows procedures which may be described as judicial in character. *Tool and Die Makers*, supra at 950. Moreover, the agency would be obligated to apply federal law to the claims presented in the complaint. *Local 174 v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *Vaca*, supra. The agency's special expertise would not appear to extend to adjudicating questions in which federal standards must be applied. Also, this action could have been brought in a Wisconsin state court, from which it could without question have been removed to this court under § 1441(a).

All of these considerations persuade me that this action is properly removable from the WERC to this court under the provisions of § 1441(a). My prior decision and order to the contrary will therefore be vacated.

Therefore, IT IS ORDERED that upon reconsideration the decision and order dated January 19, 1978, in this action, directing that this action be remanded to the Wisconsin Employment Relations Commission, be and hereby is vacated.