George **FLOETER** et al., Plaintiffs,

v.

**C. W. TRANSPORT, INC. and Local 354, International Brotherhood of Teamsters, Defendants.**

**No. 75–C–470 W.D.**

United States District Court,
W. D. Wisconsin.

March 16, 1978.

Crooks, Crooks & Low by James E. Low, Wausau, Wis., for plaintiffs.

Goldberg, Previant & Uelmen by David L. Uelmen, Milwaukee, Wis., for Union.

Thomas J. Duffey, Milwaukee, Wis., for C. W.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

Both defendants have moved for summary judgment. The plaintiffs are a group of

fourteen truck drivers who urge that their seniority rights have been impaired by the defendants' conduct. More specifically, the defendants are alleged to have combined and conspired to provide "super-seniority" for Harold Doescher and William Lamb, in violation of the terms of the collective bargaining agreement.

An additional issue is presented by the fact that this case was removed from the Wisconsin Employment Relations Commission. On February 9, 1978, I invited counsel to give me their views as to whether the case was properly removed in light of 28 U.S.C. § 1441(a), which provides that a "civil action brought in State court" may be removed to the federal court. With the benefit of counsel's comments and further reflection on the matter, I have concluded that the case was properly removed. The reasons therefor are analyzed in a recent decision which I made in *Martin v. Schwerman Trucking,* D.C., 446 F.Supp. 1130, a copy of which decision is appended hereto.

In support of their motion for summary judgment, the defendants' principal contention is that the merits of the seniority status of Mr. Doescher and Mr. Lamb was resolved by the grievance procedures which are specified in the union contract and that such resolution constituted a final and binding decision. In *Cannon v. Consolidated Freightways,* 524 F.2d 290 (7th Cir. 1975), the court stated, at page 295:

"The plaintiff has failed to prove a breach of the duty of fair representation; he does not otherwise challenge the fairness of the Grievance Committee's action nor question its authority under the contract. Under the collective bargaining agreement, the decision of the Grievance Committee is final. Therefore, the district court erred in considering the merits of the grievance."

In *Morris v. Werner-Continental,* 466 F.2d 1185 (6th Cir. 1972), cert. denied 411 U.S. 965, 93 S.Ct. 2144, 36 L.Ed.2d 685, the Court stated, at page 1190:

"This group of cases teaches us another thing as well—that is, that so long as there is an absence of fraud or bad faith or demonstrated bias or collusion, the decision by the arbitrators or, here, the Joint Committee, is final and binding and courts are generally powerless to interfere."

In response to this argument, the plaintiffs acknowledge that as a general rule this court "cannot review the merits of grievances which have been the subject of final and binding decision under established contract procedures." However, the plaintiffs contend that there has been a breach of duty on the part of the union and that the union failed to provide fair representation to the plaintiffs. The plaintiffs point to *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), where the United States Supreme Court acknowledged the existence of the "finality provision" but asserted that an erroneous arbitration decision may not stand when the union's representation was "dishonest, in bad faith or discriminatory."

I have carefully examined the pleadings in the case at bar and, in my opinion, it cannot be said that this complaint, fairly construed, charges either defendant with bad faith or fraud. The complaint does allege (paragraph 8) that the union business agent "knew and conspired with C W Transport, Inc. . . . with a combined intention of said business agent and the Respondent C. W. Transport, Inc. to violate the clear language of the Collective Bargaining Agreement. . . ." Subsequently, in paragraph 11, the complainants aver that the union and C. W. Transport, Inc. "have by their combined design and intention, and material in their statements of fact degraded the clear language of the Collective Bargaining Agreement."

In my opinion, there are no material issues of fact for trial. It is clear that the joint grievance committee resolved the disputed seniority question of Mr. Doescher and Mr. Lamb pursuant to the grievance machinery provided in the labor agreement which has been submitted to the court in connection with these summary judgment motions. There are no allegations in the complaint which justify the court's failure

to give finality to the decisions reached as a result of the grievance procedure.

Therefore, IT IS ORDERED that the motion of the defendant C. W. Transport, Inc. and the motion of Local 354, International Brotherhood of Teamsters, for summary judgment be and hereby are granted.

IT IS ALSO ORDERED that the plaintiffs' action be and hereby is dismissed.