**Thomas GRISBAUM, Plaintiff,**

v.

**AMALGAMATED MEAT CUTTERS & MILWAUKEE RETAIL MEAT INDUSTRY TRUST FUND, Defendant.**

**Gordon LOEHR, Amalgamated Meat Cutters & Tannery Workers Union, Local No. 73, Defendants and Third-Party Plaintiffs,**

v.

**KOHL CORPORATION, Third-Party Defendant.**

**C. A. No. 79–C–46.**

United States District Court, E. D. Wisconsin.

Jan. 25, 1980.

Kenneth F. Rottier, Seymour, Wis., for plaintiff.

Alan M. Levy, Milwaukee, Wis., for defendants and third party plaintiffs Gordon Loehr and Amalgamated Meat Cutters & Tannery Workers Union, Local No. 73.

Barton M. Peck, Milwaukee, Wis., for third party defendant Kohl Corp.

DECISION AND ORDER

REYNOLDS, Chief Judge.

On January 5, 1979, plaintiff Thomas Grisbaum filed this action in Wisconsin's Outagamie County Circuit Court. On January 18, 1979, defendants Gordon Loehr and the Amalgamated Meat Cutters Union, Local No. 73 ("Union"), removed the action to this court. Plaintiff has moved to have the case remanded back to state court, which motion will be denied.

Plaintiff has alleged the following facts in his complaint. Prior to June 17, 1975, plaintiff was a meat cutter employed by Kohl's Food Stores, Inc. ("Kohl's") in Appleton, Wisconsin. On June 17, 1975, plaintiff injured his back while working at Kohl's. Kohl's refused to pay plaintiff workmen's compensation benefits, at which point plaintiff contacted Gordon Loehr, the business representative of the defendant Union.

Loehr allegedly advised plaintiff to apply for benefits from the Union's trust fund. Plaintiff then applied for and received trust fund benefits. Plaintiff was not advised, however, that acceptance of trust fund benefits constituted a waiver of his right to receive workmen's compensation benefits.

After receipt of the trust fund benefits, plaintiff asked Loehr to investigate whether the Union or the trust fund would represent him regarding his workmen's compensation claim against Kohl's. On April 6, 1976, the attorneys for the Union and the trust fund informed Loehr that they would not become involved in plaintiff's claim against Kohl's. Apparently, this decision was based on plaintiff's waiver of his workmen's compensation benefits. Plaintiff, however, was not informed that the trust fund and Union would not represent him until after January of 1977.

On December 17, 1976, plaintiff was given a medical release to return to work effective January 3, 1977. On December 30, 1976, Kohl's informed plaintiff that he would not be rehired because his absence had not been due to an occupational injury. Kohl's confirmed this position in a letter dated January 17, 1977.

Plaintiff immediately contacted Loehr and requested that the Union institute grievance procedures against Kohl's pursuant to the terms of the labor agreement between Kohl's and the Union. On January 28, 1977, the Union submitted a request for a panel of arbitrators in order to resolve the grievance. This request was untimely, however, in that the labor agreement requires that a request for arbitration be made within 24 hours after receipt of the employer's statement of position. The untimeliness of the Union's request was held to bar arbitral review of plaintiff's grievance against Kohl's.

Plaintiff alleges that defendants were negligent in three respects: (1) in not informing him that acceptance of trust funds benefits precluded him from receiving workmen's compensation; (2) in not informing him that the Union and the trust fund would not represent him in an action against Kohl's to recover such benefits; and (3) in failing to make a timely request for arbitration, thus precluding plaintiff from arbitrating his grievance against Kohl's. Plaintiff seeks damages in the amount of $100,000.

The removal of actions to federal court is governed by 28 U.S.C. § 1441. Subsections (a) and (b) of that section provide:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * *"

Defendants contend that the action is removable on the basis of the court's federal question jurisdiction. Whether the court has federal question jurisdiction depends upon whether adjudication of the action depends upon the application of federal law. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The presence of a federal question must be found on the face of the state court complaint. *Gardner v. Clark Oil & Refining Corporation*, 383 F.Supp. 151 (E.D.Wis. 1974).

The state court complaint in this action alleges that defendants failed to perform their duty to adequately represent the plaintiff. An action for breach of a union's duty of fair representation is an action that arises out of and is governed by federal law. This point was established in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), when the United States Supreme Court reversed a decision of the Missouri Supreme Court for failing to apply the "governing standards of federal labor law" to a suit brought by a union member

against a union which refused to properly process a grievance against his employer. In its opinion, the Court left no doubt that suits of this nature are governed by federal law.

> "It is now well established that, as the exclusive bargaining representative of the employees in Owens' bargaining unit, the Union had a statutory duty fairly to represent all those employees, both in its collective bargaining with Swift [the employer], see *Ford Motor Co. v. Huffman*, 345 U.S. 330 [73 S.Ct. 681, 97 L.Ed. 1048]; *Syres v. Oil Workers International Union*, 350 U.S. 892 [76 S.Ct. 152, 100 L.Ed. 785], and in its enforcement of the resulting collective bargaining agreement, see *Humphrey v. Moore*, 375 U.S. 335, [84 S.Ct. 363, 11 L.Ed.2d 370.] The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act, see *Steele v. Louisville & N. R. Co.*, 323 U.S. 192, [65 S.Ct. 226, 89 L.Ed. 173]; *Tunstall v. Brotherhood of Locomotive Firemen*, 323 U.S. 210, [65 S.Ct. 235, 89 L.Ed. 187] and was soon extended to unions certified under the N.L.R.A., see *Ford Motor Co. v. Huffman, supra.* Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. *Humphrey v. Moore*, 375 U.S., at 342, [84 S.Ct. 363.] It is obvious that Owens' complaint alleged a breach by the Union of a duty grounded in federal statutes, and that federal law therefore governs his cause of action. *E. g., Ford Motor Co. v. Huffman, supra.*"

*Vaca v. Sipes*, supra, at 177, 87 S.Ct. at 909.

It is still an open question as to whether simple negligence on the part of a union constitutes an actionable breach of the duty of fair representation. Compare *Ruzicka v.*

*General Motors Corp.*, 523 F.2d 306 (6th Cir. 1975) with *Bazarte v. United Transportation Union*, 429 F.2d 868 (3d Cir. 1970). The answer, however, depends upon the application of federal law and thus confers subject matter jurisdiction upon this court. Accordingly, the action was properly removed and plaintiff's motion for remand must be denied. See *Martin v. Schwerman Trucking Company*, 446 F.Supp. 1130 (E.D.Wis. 1978); *Lewis v. Shubert*, 300 F.Supp. 174 (W.D.Mo.1969).

IT IS THEREFORE ORDERED that plaintiff's motion to remand the above-entitled action to the Outagamie County Circuit Court be and hereby is denied.