**AMERICAN TRAIN DISPATCHERS ASSOCIATION, Plaintiff,**

v.

**The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Defendant.**

**Civ. A. No. 85–K–993.**

United States District Court, D. Colorado.

Aug. 9, 1985.

Philip Hornbein, Jr., Denver, Colo., and Thomas A. Woodley, Washington, D.C., for plaintiff.

Kathleen M. Snead, Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

In February, 1985, an unincorporated labor organization, the Dispatchers Steering Committee, filed an application with the National Mediation Board seeking to remove plaintiff American Train Dispatchers Association (ATDA) as the exclusive collective bargaining representative of The Denver and Rio Grande's employees. The National Mediation Board conducted an investigation and sent mail ballots to all eligible

employees to determine which labor organization would represent them. Plaintiff alleges that defendant DRGW interfered with the election process by urging employees to revoke their membership in ATDA and support the newer group, thus in effect encouraging the organization of a company-controlled labor organization. Such activity is proscribed by Section 2, Third and Fourth of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

Plaintiff filed this action seeking: (1) declaratory judgment that defendant thus violated the Railway Labor Act, 45 U.S.C. § 151 *et seq.;* (2) a preliminary and permanent injunction requiring defendant to end its interference with employees and to post copies of the injunction in the workplace; and, (3) attorney fees. I need not reach the merits of plaintiff's case because, for reasons that follow, I grant defendant's motion to dismiss.

The sole question before me today is whether the district court has jurisdiction to hear the case. In the complaint, plaintiff argues that this court has jurisdiction under 45 U.S.C. § 152, Third and Fourth.[1] Defendant argues that plaintiff's claim is actually a representational dispute and that

jurisdiction lies with the National Mediation Board which is empowered by the Railway Labor Act to settle disputes regarding representation.[2]

■ In making my decision I rely on the extensive discussion of the evolution of the National Mediation Board in *Aircraft Mechanics Fraternal Association v. United Airlines,* 406 F.Supp. 492 (N.D.Cal.1976). The amendments to the Railway Labor Act, which increased the power of the National Mediation Board, strongly suggest a congressional intent to rely almost exclusively on the National Mediation Board to resolve disputes.[3] There are, of course, situations in which jurisdiction by a district court may be proper under § 152, Third, such as when the complaint alleges unlawful interference by the carrier resembling company unionism.[4] There are also times when judicial intervention under Section 2, Ninth, is appropriate, such as when the Board's fulfillment of its duty to investigate and certify is challenged. However, as the court noted:

> In determining whether an assertion of jurisdiction under the Act is proper, the

---

1. 45 U.S.C. § 152, Third, proscribes either party from interfering with the other in its choice of representatives. 45 U.S.C. § 152 Fourth makes it unlawful for a carrier to interfere with the organization of its employees.

2. 45 U.S.C. § 152, Ninth, provides in part:

   If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this chapter, it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute.... In such an investigation, the Mediation Board shall be authorized to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives in such manner as shall insure the choice of representatives by the employees without interference, influence, or coercion exercised by the carrier.

3. "The amendments thus represented a significant increase in the power and authority of the National Mediation Board in the area of representation disputes.... Given the explicit in-

crease in Board power and authority, in conjunction with the rationale therefor, it seems more likely as a matter of statutory construction that Congress intended the Board to take over in this area." *Aircraft Mechanics Fraternal Association v. United Airlines,* 406 F.Supp. 492, 498 (N.D.Cal.1976).

4. The court in *Aircraft Mechanics, supra* note 3, recognized that the amendments to the Railway Labor Act did not necessarily remove all district court jurisdiction over representation disputes:

   > It is assumed for the purpose of this decision, however, that the district courts still have original jurisdiction under Section 2, Third, over cases involving special facts tending to establish company unionism.
   >
   > \*  \*  \*  \*  \*  \*
   >
   > The Court has made clear that in a case in which the dispute is solely between two Board-certified unions within one or more employing entities over which of the two is to represent a certain type of employee of the company, the NMB's jurisdiction under Section 2, Ninth, is exclusive, and its decision as to representation is unreviewable. [Citations omitted.]

   *Id.* at 498–99.

court must be vigilant in guarding against the evil of interfering with, or otherwise frustrating, the Board's sensitive role of insuring, to the maximum extent possible, peaceful labor relations in the railroad and airline industries without interruption by strikes or other disruptions of carrier operations which would imperil the national welfare.

*Id.* at 500.

Plaintiff frames the complaint to allege interference resulting in the maintenance of a company union. " 'Influence' in this context plainly means pressure, the use of the authority or power of either party to induce action by the other in derogation of what the statute calls 'self-organization'." *Id.* at 497 (*quoting Texas & N.O.R. Co. v. Brotherhood of Ry. & S.S. Clerks*, 281 U.S. 548, 568, 50 S.Ct. 427, 433, 74 L.Ed. 1034 (1930)). Paragraph 8 of the complaint charges that DRGW (1) offered increased wages and benefits and improved working conditions to employees if they would support the Dispatchers Steering Committee and oust the ATDA as their representative, and (2) met and conferred with officers of the Dispatchers Steering Committee to ensure the success of that organization. Plaintiff alleges that § 152, Third, has been violated by "interference, influence, or coercion" of the election of a collective bargaining representative, and that this court has jurisdiction.

Plaintiff does not dispute that § 152, Ninth, gives the Board almost exclusive jurisdiction to determine whether there was conduct on the part of DRGW that prevented the employees from participating in a representation election free from interference, influence, or coercion. Indeed, subsequent to the filing of the complaint in this action, plaintiff filed with the National Mediation Board an application to investigate its allegations regarding coercive conduct on the part of the defendant. The Board may find such interference, admonish participants, set aside the results of the election and order that a new election be scheduled. Plaintiff argues, however, that

the Board is not empowered to enjoin statutory violations of the Act.[5]

The facts, however, do not give rise to a claim of company unionism. Therefore, the original jurisdiction under § 152, Third, is not appropriate under the circumstances of this case. I find that the best method for ensuring DRGW compliance with the Railway Labor Act is to allow the Board to ensure elections free from interference. If the Board is delinquent in its statutory duty to investigate plaintiff's charges, an action against the Board for violation of its statutory duties under § 152, Ninth, might be appropriate.

I agree with the rationale outlined in *Airlines Mechanics, supra* page 2, and restated in *Texidor v. Ceresa*, 590 F.2d 357 (1st Cir.1978), that the increased powers of the National Mediation Board give it exclusive jurisdiction over representation disputes, and I find that this is essentially a representation dispute. It is up to the Board to determine what level of involvement by the defendant DRGW would amount to illegal interference, influence, or coercion. I also want to avoid the possibility of conflicting outcomes in this court and before the National Mediation Board. My decision is consistent with the policy of not interfering with or frustrating the National Mediation Board's role of insuring peaceful labor relations.

It is therefore ORDERED that defendant's motion to dismiss is granted.

The complaint and this civil action is dismissed. Costs are to be born by the respective parties.

**5.** Plaintiff's brief in opposition to defendant's motion to dismiss, p. 6.